**ESB BANK, Appellee**

**v.**

**James E. McDADE a/k/a James E. McDade Jr. and Jeanne L. McDade.**

**Appeal of Jeanne L. McDade, Appellant.**

Superior Court of Pennsylvania.

Argued March 10, 2010.
Filed Aug. 6, 2010.

Joshua A. Lyons, Pittsburgh, for appellant.

William G. Merchant, Monroeville, for appellee.

BEFORE: BENDER, BOWES, and COLVILLE *, JJ.

* Retired Senior Judge assigned to the Superior Court.

OPINION BY BOWES, J.:

Jeanne L. McDade ("Appellant") appeals the order entered on August 19, 2009, wherein the trial court denied her petition to open and/or strike the confessed judgment entered against her and in favor of ESB Bank ("ESB"). We reverse.

Appellant and her husband, James E. McDade,[1] owned JEM Builders, Inc. ("JEM"), which was engaged in residential construction. ESB financed four commercial construction loans for JEM projects to be built in Washington and Allegheny Counties. ESB held first mortgages against the four properties and Appellant and her husband provided personal guaranties through an Agreement of Guaranty and Suretyship, which specifically referenced those four loans. ESB also held first and second mortgages on Appellant's personal residence located at 525 Circle Drive in Washington County. The General Loan Conditions, which apparently were incorporated by reference in the four construction loans, included a cross-collateralization provision that extended the security Appellant furnished for the construction loans to any other loan between Appellant and ESB.[2] The relevant proviso follows.

**Cross Default and Cross Collateralization.** An event of Default under the loan Security Documents shall also include a default by Borrower or any Guarantor under any Note, Mortgage, Guaranty or any other agreement or Loan Security Document relating to this loan or any other loan between lender and Borrower or any Guarantor. Further, the Security given for this loan shall extend to any other loan between Borrower and Lender, and the Security

given for any other loan shall extend to this loan.

*See* Answer to Petition to Strike, 5/12/09, Exhibit A (General Loan Conditions), at 5.

JEM eventually defaulted on the commercial construction loans, and on December 5, 2005, ESB confessed judgment in Washington County against Appellant for $1,169,566.93 based upon her personal guaranty relating to those loans. ESB's "Complaint and Confession of Judgment on the Commercial Transaction" did not reference the cross-collateralization provision or the two mortgages it held on Appellant's residence, and it did not purport to confess judgment on any debts relating to those mortgages. Thereafter, ESB foreclosed on the four properties and purchased them at a sheriff's sale. As ESB did not obtain deficiency judgments, the debts secured by those properties were deemed satisfied as a matter of law under the Deficiency Judgment Act, 42 Pa. C.S. § 8103. The application of the Deficiency Judgment Act is not in dispute. Nevertheless, ESB failed to have the four foreclosure judgments or the confessed judgment marked as satisfied. Instead, it attempted to use the confessed judgment to secure debts it alleged were outstanding on the two residential mortgages.

After Appellant petitioned the Courts of Common Pleas for Washington and Allegheny Counties, those courts subsequently marked the respective foreclosure judgments satisfied. However, ESB still refused to mark the confessed judgment as satisfied.

On April 23, 2009, Appellant filed a petition for a rule to show cause why the confession of judgment should not be

---

1. James McDade did not file the underlying petition to strike or open the confessed judgment, and he is not a party in this appeal.

2. The precise documents that allegedly incorporated the loan conditions into the personal guaranty are not contained in the certified record.

opened or stricken. Appellant's petition also sought liquidated damages pursuant to 42 Pa.C.S. § 8104(b), due to ESB's consistent refusal to mark the judgment satisfied. Raising the cross-collateralization provision for the first time, ESB countered that it was authorized to use the confessed judgment to serve as additional collateral security for all of Appellant's obligations to ESB, including the first and second mortgages on her personal residence. Following oral argument, on August 19, 2009, the trial court agreed with ESB's position, and it denied Appellant's petition to open/strike the confession of judgment. This timely appeal followed. Appellant has complied with the trial court's order directing her to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

Appellant presents the following questions for our review:

A. Did the trial court commit an error of law in refusing to open, strike and/or mark satisfied a confession of judgment where the underlying debt is satisfied in full?

B. Did the trial court commit an error of law or abuse of discretion in permitting a commercial confession of judgment to remain active to allow the creditor to recover amounts allegedly owed on unrelated residential mortgage loans?

C. Is [Appellant] entitled to liquidated damages for ESB's refusal to mark the judgment satisfied[?]

Appellant's brief at 2.

 We review a trial court's order denying a petition to strike a confessed judgment to determine whether the record is sufficient to sustain the judgment. *First Union National Bank v. Portside Refrigerated Services, Inc.*, 827 A.2d 1224, 1227 (Pa.Super.2003). A petition to strike a judgment may be granted only if a fatal defect or irregularity appears on the face of the record. *Id.* Similarly, we review the order denying Appellant's petition to open the confessed judgment for an abuse of discretion. *Id.; PNC Bank v. Kerr*, 802 A.2d 634, 638 (Pa.Super.2002) ("A petition to open judgment is an appeal to the equitable powers of the court. As such, it is committed to the sound discretion of the hearing court and will not be disturbed absent a manifest abuse of discretion.").

At the outset, we address ESB's contention that Appellant has waived her assertion that the confessed judgment should be marked as satisfied because she did not specifically request that the trial court mark the judgment satisfied pursuant to 42 Pa.C.S. §§ 8103–8104. ESB asserts that Appellant's petition simply sought to open or strike the confessed judgment pursuant to Pa.R.C.P. 2959. ESB continues that Appellant's election of remedies is significant in this case because they involved different considerations before the trial court and implicate divergent standards of review on appeal. For example, liquidated damages, which Appellant requested in her petition to open/strike the confessed judgment, are available only under a petition to mark the confessed judgment as satisfied pursuant to 42 Pa.C.S. §§ 8103–8104. That relief is not available in a petition to open or strike the confessed judgment pursuant to Pa.R.C.P. 2959. Hence, from ESB's perspective, Appellant cannot assert trial court error for failing to mark the judgment as satisfied or impose liquidated damages because she did not request that relief or preserve those issues for appeal. For the following reasons, we disagree.

As Appellant accurately points out in her reply brief, the averments in the petition to open/strike the confessed judgment identified both her request for ESB to mark the confessed judgment satisfied pursuant to 42 Pa.C.S. § 8104 and her

specific request for liquidated damages pursuant to Section 8104(b). Appellant's reply brief at 7; Petition to Open/Strike, 4/23/09, at 2–3. Thus, despite ESB's assertions to the contrary, Appellant did, in fact, specifically invoke Section 8104 and asked the trial court to assess liquidated damages for ESB's failure to mark the confessed judgment satisfied. She also requested any other relief the trial court deemed appropriate, which, under the facts of this case necessarily would include marking the confessed judgments satisfied. The trial court denied all aspects of Appellant's petition and declined the request for liquidated damages without discussion. Hence, we reject ESB's argument that these issues are waived.

■ Next, we must determine whether Appellant's petition to open/strike the confessed judgment was timely. Pursuant to Pa.R.C.P. 2959(a)(3), a petition to strike or open a confessed judgment must be filed within thirty days of the date the judgment creditor filed written notice of its execution. Instantly, ESB never sought to execute the confessed judgment and, indeed, could not permissibly execute the confessed judgment against a consumer credit transaction, i.e., a residential mortgage. Thus, the thirty-day restriction provided in Rule 2959(a)(3) was never triggered in this case.[3]

■ Nonetheless, ESB argues that in the absence of its notice of execution upon the confessed judgment, we should refer to common law to determine if Appellant's petition was stale and, if so, whether she acted with due diligence and had compelling reasons for the delay. From ESB's perspective, Appellant was responsible for a forty-month delay between the date ESB entered the confessed judgment and the date Appellant filed her petition. ESB argues that the delay belies any assertion that Appellant acted with due diligence to challenge the judgment. Again, we disagree.

Upon review of the certified record, ESB's inference that Appellant was responsible for the delay in this case must give way to the reality that when the confessed judgment was entered in response to her default of the construction loans, Appellant had no knowledge that ESB intended to utilize the judgment as additional security for the unrelated mortgages on her personal residence. Significantly, ESB failed to identify the residential property in the complaint for confessed judgment or the notice of confessed judgment it provided Appellant in December of 2005, and it certified that the confessed judgment was **not** being entered in connection with a consumer credit transaction. Thus, we will not impute the delay to Appellant. Moreover, although the commercial debts underlying the confessed judgment had been satisfied as a matter of law, ESB refused to mark the individual judgments satisfied, and the trial courts failed to mark the underlying judgments satisfied until July 2009. Indeed, Appellant did not discover ESB's intentions until she attempted to sell her personal residence. Hence, even if we applied the timeframe that ESB suggests, the circumstances existing in this case would create compelling reasons to permit Appellant to file a petition seeking to open or strike the confessed judgment. *See* Explanatory

---

3. Moreover, having found that Appellant's petition to open/strike also requested that ESB mark the confessed judgment satisfied pursuant to 42 Pa.C.S. § 8104, we observe that there are no time-restrictions on that request. *See Pantuso Motors, Inc. v. CoreStates Bank,* *N.A.,* 745 A.2d 614 (Pa.Super.1999) *rev'd. on other grounds,* 568 Pa. 601, 798 A.2d 1277 (2002) (obligation of judgment creditor to satisfy judgment upon debtor's written request for satisfaction is not extinguished by lapse of time).

Comment to Rule 2959 ("After thirty days, the defendant is barred from relief unless there are 'compelling reasons for the delay.' ")

 Having found that Appellant's petition for relief was not untimely filed, we address the merits of her appeal. The crux of Appellant's claims is that the underlying debt associated with the construction loans was satisfied as a matter of law and, therefore, the trial court erred in denying her petition to open/strike the confessed judgment predicated on personal guaranties she provided for that debt. Appellant also argues that the trial court abused its discretion in permitting ESB to maintain the confessed judgment in order to secure amounts allegedly owed on the unrelated residential mortgage loans when ESB is precluded from confessing judgment on the residential mortgages directly.

ESB counters Appellant's arguments with the contention that under the contractual arrangement between the parties, the personal guaranty Appellant executed in relation to the four construction loans survived the satisfaction of those debts and can be applied to any debts that she currently owes it. ESB contends that the personal guaranty upon which it confessed judgment in relation to the construction loans also served as collateral for Appellant's other obligations and liabilities. Thus, according to ESB at least, the confessed judgment will not be marked satisfied until Appellant has fulfilled all of her obligations to the bank. ESB summarized its position as follows: "The value of the [c]onfessed [j]udgment to ESB is the impact it has on [Appellant's] creditworthiness and her inability to transfer assets without first addressing her indebtedness to ESB. Moreover, the [c]onfessed [j]udgment also secured ESB's position of priority ahead of other creditors...." ESB's

brief at 17. Hence, ESB concludes the trial court properly rejected Appellant's petition to open/strike the confessed judgment. For the following reasons, we disagree.

Herein, without citation to legal authority and without addressing Pennsylvania's abolition of judgments by confession in connection with consumer credit transactions, the trial court found that the cross-collateralization provision included in the General Loan Conditions, which were apparently incorporated into the loan commitment documents, permitted ESB to apply Appellant's personal guaranty to any and all of the loans that she had with the bank. The trial court reasoned that, pursuant to the cross-collateralization provision, Appellant's personal guaranty will remain in effect until all of her obligations, including the two mortgages on her residence at Circle Drive, have been satisfied. The trial court continued, "Because the loan obligations are in default, the Confession of Judgment was proper." Trial Court Opinion, 11/3/09, at 3. Further, it concluded, "The Confessed Judgment, under the personal guarantee herein, is proper collateral security for [Appellant's] obligation on her first and second mortgages encumbering her Circle Drive residence." *Id.* at 4.

Appellant argues that the trial court's conclusion is predicated upon the misconception that the cross-collateralization provision empowered ESB to confess judgment on any debt Appellant may owe even if the debt was not pleaded or documented in the complaint and confession of judgment that ESB filed in December of 2005. Appellant further observes that, to the extent that the trial court mistakenly believed that ESB had confessed judgment on her residential mortgage, that finding would be baseless as a matter of fact and

improper as a matter of law. 'We agree with Appellant's position.

It is clear from the record that ESB never sought to confess judgment upon the residential mortgage loans. In fact, as noted *supra*, ESB certified that it was not confessing judgment in connection with a consumer credit transaction, *i.e.*, a loan related to a personal residential mortgage. If ESB had attempted to confess judgment upon the residential mortgages, which it did not, the complaint would have failed because pursuant to Pa.R.C.P. 2950, 2951, and 2952, confession of judgment upon a consumer credit transaction is impermissible. The Pennsylvania Rules of Civil Procedure require a plaintiff to certify that the judgment is not to be entered in a consumer credit transaction. *See Willits v. Fryer*, 734 A.2d 425, 427 (Pa.Super.1999) (transaction financing closing costs for purchase of personal residence is consumer credit transaction pursuant to Pa.R.C.P. 2950). Accordingly, to the extent the trial court found that ESB had confessed judgment on the residential mortgage, it committed error. *See* Trial Court Opinion, 11/3/09, at 2.

Furthermore, we observe that neither ESB nor the trial court cited legal authority for the proposition that ESB can maintain an active confessed judgment on debts which have been marked satisfied in order to secure the collection of an unrelated debt it has not yet proven.[4] The cross-collateralization provision contained in the record refers specifically to "the Security given for [one] loan ... extend[ing] to any other loan between [Appellant] and [ESB.]" *See* Answer to Petition to Strike, 5/12/09, Exhibit A (General Loan Conditions), at 5. The security in this case was Appellant's personal guaranty to satisfy the liabilities under the construction loans.

While the written guarantee provided for the confession of judgment, we do not believe a cross-collateralization provision, which was not identified in the written guarantee either expressly or by implication, trumps Pennsylvania's prohibition upon the confession of judgment in a consumer credit transaction and, therefore, effectively permits ESB to confess judgment upon Appellant's residential mortgages.

The trial court's rationale, that the confessed judgment is proper collateral security for Appellant's obligation to repay her first and second mortgages on her Circle Drive residence, ignores the fact that ESB has not obtained a judgment against Appellant in relation to the two mortgage loans it seeks to secure. Thus, as Appellant accurately observes, the trial court's decision essentially granted ESB a default judgment for amounts it merely alleged to be owed on the mortgage loans. The trial court relieved ESB from its burden of proving its case, and it denied Appellant the opportunity to either dispute the amounts ESB alleged or defend the allegations. Mindful of Pennsylvania's prohibition on confessed judgments arising from consumer credit transactions, we find the trial court erred in permitting ESB to achieve indirectly that which it could not have attained directly. *See* Pa.R.C.P. 2950; *Willits, supra.*

Further, the record confirms that the four construction loans upon which ESB predicated the confessed judgment have been satisfied as a matter of law. *See First National Consumer Discount Co. v. Fetherman*, 515 Pa. 85, 527 A.2d 100, 105 (1987) (where judgment creditor purchases debtor's real estate at sheriff's sale and fails to fix the fair market value within the

---

4. As of the date of this appeal, ESB had not obtained a judgment against Appellant in re- lation to the two mortgage loans it sought to secure.

statutory time limitation, judgment creditor deemed to have received full satisfaction of underlying debt obligation). ESB's complaint and confession of judgment did not identify Appellant's mortgages or refer to the cross-collateralization provision it subsequently sought to invoke against her. Following the foreclosure proceedings, sheriff sale, and ESB's failure to fix the fair market value of that real estate in order to obtain a deficiency judgment, the construction loans were deemed satisfied as a matter of law. *Id.* Hence, the confessed judgment that was entered expressly upon Appellant's default of the construction loans is also satisfied. Accordingly, we remand the matter for the trial court to mark as satisfied the confessed judgment entered on December 5, 2005.

■ Next, we address Appellant's claim for liquidated damages pursuant to 42 Pa. C.S. § 8104(b). Appellant asserts that she is entitled to liquidated damages because of ESB's refusal to comply with her request to mark the confessed judgment satisfied. We agree.

Section 8104 provides:

(a) **General rule.**—A judgment creditor who has received satisfaction of any judgment in any tribunal of this Commonwealth shall, at the written request of the judgment debtor, or of anyone interested therein, and tender of the fee for entry of satisfaction, enter satisfaction in the office of the clerk of the court where such judgment is outstanding, which satisfaction shall forever discharge the judgment.

(b) **Liquidated damages.**—A judgment creditor who shall willfully or unreasonably fail without good cause or refuse for more than 90 days after written notice in the manner prescribed by general rules to comply with a request pursuant to subsection (a) shall pay to the judgment debtor as liquidated damages 1% of the original amount of the judgment for each month of delinquency beyond such 90 days, but not less than $250 nor more than $2,500. Such liquidated damages shall be recoverable pursuant to general rules, by supplementary proceedings in the matter in which the judgment was entered.

■ On October 13, 2008, Appellant sent ESB a written request to enter satisfaction pursuant to subsection 8104(a) and tendered the required fee. Again, ESB refused the request based upon its often-repeated belief that the confessed judgment provided additional security for all of Appellant's alleged debts, including the two mortgages on the Circle Drive residence, and that the confessed judgment would not be satisfied until Appellant fulfilled all of her financial obligations. While the trial court accepted ESB's rationale, we do not. As noted *supra,* ESB confessed judgment upon Appellant's personal guaranty of the construction loans only. That debt has been satisfied as a matter of law. Thus, pursuant to 42 Pa. C.S. § 8104(a), upon Appellant's written request and tender of payment, ESB was required to enter satisfaction. It is well settled that "the creditor's state of mind in failing or refusing to mark the judgment satisfied is irrelevant." *First Seneca Bank v. Sunseri,* 449 Pa.Super. 566, 674 A.2d 1080, 1084 (1996); *see also Fetherman, supra* (upon written request and tender of fee for satisfaction, judgment creditor has duty to marked judgment satisfied and failure to do so for more than thirty days exposes liability for liquidated damages pursuant to Section 8104(b)). Accordingly, the trial court erred in failing to assess liquidated damages against ESB totaling

$2,500.00, the statutory maximum,[5] for its continued refusal to mark the confessed judgment satisfied.

■ Finally, we note that even if we did not find the trial court erred in failing to direct ESB to mark the confessed judgment satisfied under the facts of this case, we would find that the trial court erred in refusing to strike the confessed judgment for a fatal defect or irregularity that appears on the face of the record. The rules providing for confession of judgments should be strictly construed. *First Union National Bank, supra* at 1231 (validity of confessed judgment requires strict compliance with Rules of Civil Procedure and absent compliance, confession of judgment cannot stand).

■ Herein, to the extent ESB seeks to invoke the confessed judgment against Appellant to secure her mortgage debt, its complaint and confession of judgment were facially defective. In contravention of Pa. R.C.P. 2952(a) relating to contents of complaint, ESB failed to identify the residential mortgages, attach any documentation of the mortgages, or state that Appellant was in default of those loans. Similarly, the itemized computation of the amount alleged to be due in the confession of judgment did not include any amounts alleged due under the mortgages. Instead, the amount ESB purported to confess under Appellant's personal guaranty related only to the four construction loans, interest, late charges, and attorneys' fees. As the complaint and confession of judgment did not make any reference to Appellant's first and second mortgages, to the extent that ESB subsequently sought to use the confessed judgment as security against the two mortgage obligations, the trial court erred in failing to strike the judgment for

the noted facial defects. *See* Pa.R.C.P. 2952(a)(2), (6), and (7). Simply stated, even if the consumer credit transactions were not barred by Rule 2950, the certified record would not sustain a confession of judgment on the personal guaranty as to the residential mortgages.

Order reversed. Case remanded. Jurisdiction relinquished.

---

**5.** *See Wachovia Bank, N.A. v. Ferretti,* 935 A.2d 565, 567–68 n. 1 (Pa.Super. 2007) (statute was amended in 1997 to provide for maximum of $2,500.00 liquidated damages).