**Russell T. RODGERS, Appellant**

v.

**Dennis LORENZ and Carload Express.**

Superior Court of Pennsylvania.

Argued Nov. 16, 2010.
Filed July 25, 2011.
Reargument Denied Sept. 19, 2011.

Daniel W. Ernsberger, Pittsburgh, for appellant.

Dean F. Falavolito, Pittsburgh, for appellee.

BEFORE: FORD ELLIOTT, P.J., BOWES, and FREEDBERG, JJ.

OPINION BY FREEDBERG, J.:

Appellant Russell T. Rodgers appeals from the order entered on February 1, 2010, which sustained preliminary objections filed on behalf of Appellee Carload Express and dismissed certain of Appellant's claims without prejudice to his right to pursue them before the Workers' Compensation Board. We reverse.

For purposes of this appeal, we adopt the following statement of facts, adduced from Appellant's complaint: Appellant and Dennis Lorenz were employed by Carload Express as train conductors. In March 2005, Lorenz threatened to "choke [Appel-

lant] to death and thump [his] skull" and proceeded to choke Appellant. Appellant reported the incident to Richard Rupp, Vice President of Operations. Thereafter, Appellant was scheduled to work at a different jobsite.

In the fall of 2005, Appellant and Lorenz again worked at the same jobsite. Appellant worked the night shift, while Lorenz worked the day shift. Appellant and Lorenz interacted at shift changes, during which Lorenz harassed Appellant.

In the evening of December 15, 2005, Lorenz threatened to "kick the shit out of [Appellant] and kill [him]." As Appellant backed out of the room, Lorenz spit in Appellant's face and said to Appellant, "I know where you live[,] and I won't hesitate to come there and kill you."

On December 16, 2005, Appellant told Rupp that he was calling the police. According to Appellant, it was understood that Appellant would attend a criminal hearing. Rupp asked Appellant not to call the police. Later in the evening on December 16, 2005, Appellant told "everyone" he was calling the police. Appellant called the police on December 18, 2005 at 1:40 in the afternoon. Appellant was fired later that day. *See* Appellant's Complaint, 5/31/06, at 1–5.

Appellant filed a complaint, alleging that Carload Express wrongfully terminated Appellant for planning to attend criminal proceedings against Lorenz. Appellant brought his claim pursuant to 18 Pa.C.S.A. § 4957(a) ("Crime Victims' Employment Protection Act" or the "Act"), which provides:

> An employer shall not deprive an employee of his employment, seniority position or benefits, or threaten or otherwise coerce him with respect thereto, because the employee attends court by reason of being a victim of, or a witness to, a crime or a member of such victim's family. Nothing in this section shall be construed to require the employer to compensate the employee for employment time lost because of such court attendance.

The statute provides a civil remedy, permitting the recovery of lost wages. 18 Pa.C.S.A. § 4957(c). In addition, Appellant claimed breach of contract, negligent supervision and a violation of the Pennsylvania Whistleblower Law, 43 P.S. § 1423.[1]

Carload Express responded with preliminary objections in the nature of a demurrer to each claim against it. On February 1, 2007, the trial court sustained the preliminary objections. The court dismissed with prejudice Appellant's claim asserting a violation of the Whistleblower Law. The court dismissed the remaining claims against Carload Express without prejudice to Appellant's right to pursue them before the Workers' Compensation Board.

Appellant timely appealed and complied with Pa. R.A.P. 1925(b). The trial court issued an opinion pursuant to Pa. R.A.P. 1925(a). In its opinion, the trial court clarified that Appellant's first claim, brought pursuant to the Crime Victims' Employment Protection Act, was dismissed for failure to state a claim, based upon its interpretation of the Act, whereas Appellant's remaining claims were preempted by the Workers' Compensation Act, 77 P.S. §§ 1–2708, and, therefore, dismissed without prejudice.

Appellant raises the following issues on appeal:

1. When the [Crime Victims' Employment Protection Act] was written, did the Legislature intend to protect crime

---

1. Appellant also brought a claim of assault and battery against Lorenz. Following dis-

covery, a consent judgment was entered against Lorenz on January 8, 2010.

victims, who have not yet attended their hearing, from treats, coercion, and loss of employment?

2. Is the [Crime Victims' Employment Protection Act] preempted by the Workers['] Compensation Act?

Appellant's Brief, at 3.

Our standard of review is settled:

When reviewing the dismissal of a complaint based upon preliminary objections in the nature of a demurrer, we treat as true all well-pleaded material, factual averments and all inferences fairly deducible therefrom. Where the preliminary objections will result in the dismissal of the action, the objections may be sustained only in cases that are clear and free from doubt. To be clear and free from doubt that dismissal is appropriate, it must appear with certainty that the law would not permit recovery by the plaintiff upon the facts averred. Any doubt should be resolved by a refusal to sustain the objections. Moreover, we review the trial court's decision for an abuse of discretion or an error of law.

*Swisher v. Pitz*, 868 A.2d 1228, 1230 (Pa.Super.2005), *quoting Reeves v. Middletown Athletic Ass'n*, 866 A.2d 1115, 1122 (Pa.Super.2004).

Appellant claims that the trial court erred in its interpretation of the Crime Victims' Employment Protection Act. This is a pure question of law, subject to our plenary review. *Commonwealth v. Gilmour Mfg. Co.*, 573 Pa. 143, 822 A.2d 676, 679 (2003).

The General Assembly has directed in the Statutory Construction Act, 1 Pa. C.S. § 1501 et seq., that the object of interpretation and construction of all statutes is to ascertain and effectuate the intention of the General Assembly. Generally speaking, the best indication of legislative intent is the plain language of a statute. Furthermore, in construing statutory language, "[w]ords and phrases shall be construed according to rules of grammar and according to their common and approved usage...." 1 Pa. C.S. § 1903. Another bedrock principle of statutory construction requires that a statute "be construed, if possible, to give effect to all its provisions," so that no provision is mere surplusage. 1 Pa.C.S. § 1921(a).

*Gilmour Mfg. Co.*, 822 A.2d at 679 (some citations omitted).

According to Appellant, the purpose of the Act is to protect crime victims from coercive behavior by an employer impacting upon their employment or benefits, which could dissuade them from appearing in court. According to Appellant, the trial court erroneously interpreted the Act to afford protection to crime victims only after their court attendance and not before.

■ We agree that the trial court's interpretation is too narrow. The Legislature sought to insure that crime victims could attend court proceedings without concern as to their employment status. Thus, the protected conduct is court attendance. The plain language of the Act does not place temporal limits on this protected conduct. Rather, the Act prohibits an employer from coercive behavior without regard to the timing of court proceedings. Indeed, it would be absurd for the Legislature to prohibit an employer from terminating a crime victims' employment after he has attended court proceedings but to permit termination provided the employer acts preemptively. Put simply, the Act prohibits an employer from terminating an employee, who is a victim of a crime, because the employee attends court proceedings related to that crime. 18 Pa. C.S.A. § 4957(a).

■ Accordingly, we examine Appellant's averments to determine whether he has sufficiently pleaded facts which, if proven, would state a claim pursuant to the Act. In his complaint, Appellant avers that (1) he was an employee of Carload Express; (2) he was the victim of an assault; (3) he informed management of his intention to report the crime to police and attend court proceedings; (4) he reported the crime to police; and (5) Carload Express terminated him. *See* Complaint, ¶¶ 4, 11, 36, 39, 42, 43. Moreover, Appellant avers that "[he], a victim and witness to a crime, was terminated because of his stated intention to attend a court hearing." Complaint, ¶ 49.

We must accept Appellant's averments as true. Therefore, Appellant has stated a claim pursuant to the Act. The order of the trial court is reversed insofar as it dismissed Appellant's claim brought pursuant to the Crime Victims' Employment Protection Act for failure to state a claim.

Appellant also claims that the trial court erred in concluding that the Workers' Compensation Act preempts the Crime Victims' Employment Protection Act. In its opinion, the trial court stated:

> After argument on [Appellee's] preliminary objections to [Appellant's] complaint, [the trial court] decided that the facts alleged were not sufficient to state a cause of action under § 4957. [The trial court] also ruled that the other avenues for relief of [Appellant] against [Appellee] were barred by the Workers' Compensation Act.

Trial Court Pa. R.A.P. 1925(a) Opinion, 3/16/2010, at 4–5. This statement by the trial court clarifies that it did not hold that the Workers' Compensation Act preempts the Crime Victims' Employment Protection Act. Rather, the trial court distinguished the employment protection claim from the breach of contract and negligent supervision claims brought by Appellant and found only the latter preempted by the Workers' Compensation Act. Appellant's second issue lacks merit.

Order reversed in part. Case remanded for further proceedings.

Judge FORD ELLIOTT, P.J.E. files a Dissenting Statement.

DISSENTING STATEMENT BY FORD ELLIOTT, P.J.:

I very respectfully dissent and would affirm the trial court's reading of 18 Pa. C.S.A. § 4957(a), The Crime Victims' Employment Protection Act, because I believe the language of the Act is clear on its face.

The facts of this case are truly disturbing; and if, in fact, appellant is an employee at will, then I question whether appellant would have had a claim of wrongful discharge, separate from Section 4957(a), under the limited public policy exception to the employment at will doctrine.

In enacting The Crime Victims' Employment Protection Act, the Legislature expressed, as a matter of public policy, that an employer may not interfere with an employee's ability to appear in court as a victim or a witness. Clearly, that same public policy would extend to an employer's interference with an employee's reporting of a crime committed against him.

In *Reuther v. Fowler & Williams, Inc.*, 255 Pa.Super. 28, 386 A.2d 119 (1978), this court recognized a cause of action for termination by the employer of an employee who was absent from work for serving jury duty. This court opined:

> In general, there is no non-statutory cause of action for an employer's termination of an at-will employment relationship. *Geary v. United States Steel Corp.*, 456 Pa. 171, 319 A.2d 174 (1974). However, our Supreme Court has indi-

cated that where a clear mandate of public policy is violated by the termination, the employer's right to discharge may be circumscribed:

> It may be granted that there are areas of an employee's life in which his employer has no legitimate interest. An intrusion into one of these areas by virtue of the employer's power of discharge might plausibly give rise to a cause of action, particularly where some recognized facet of public policy is threatened. The notion that substantive due process elevates an employer's privilege of hiring and discharging his employees to an absolute constitutional right has long since been discredited.

*Id.* at 184, 319 A.2d at 180 (emphasis added; footnote omitted).

*Id.* at 120.

Therefore, although I cannot fit the facts of this case into a violation of 18 Pa.C.S.A. § 4957(a), I do believe appellant had a cause of action for wrongful discharge pursuant to the public policy exception discussed above.