ZANIC, J.,
The issue for resolution by this court in this declaratory judgment action is whether the complaint filed by the Peny County Auditors is legally sufficient to overcome the preliminary objections filed by the Perry County Sheriff. Plaintiffs have asked this court to compel the defendant to provide them access to “any and all original and unredacted records in which the sheriff records the receipt and disbursement of the application fees paid by applicants for licenses to cany concealed firearms.” The crux of the controversy centers on the sheriff’s refusal to provide to the auditors the names and addresses of Peny County residents who submit an application for a license to cany firearms. Sheriff Carl Nace has filed preliminary objections to the complaint in the nature of a demurrer pursuant to Pa.R.C.P. 1028(a)(4).[1]
STANDARD
A preliminary objection in the nature of a demurrer will be granted when the contested pleading is legally insufficient. When considering a preliminary objection contesting the legal sufficiency of a complaint, all material facts set forth in that pleading and any exhibits attached to *227 it are admitted as true, as well as all reasonable inferences which may be drawn from those facts. Soto v. Nabisco, Inc., 2011 PA Super 249, 32 A.3d 787, 790 (Pa. Super. 2011). It is also settled that a preliminary objection in the nature of a demurrer require a court to resolve the issues solely on the basis of the pleadings; no testimony or other evidence outside of the complaint may be considered to dispose of the legal issues presented by the demurrer.” Mellon Bank, N.A. v. Fabinyi, 437 Pa. Super. 559, 650 A.2d 895, 899 (Pa. Super. 1994). Williams v. Nationwide Mut. Ins. Co., 2000 PA Super 110, P4, 750 A.2d 881, 883, 2000 Pa. Super. LEXIS 374, 4 (Pa. Super. Ct. 2000). Accordingly, the documents attached to defendant’s preliminary objections cannot be considered by the court. Additionally, any factual averments propounded by Sheriff Nace cannot and have not been considered at this stage of the proceeding.
Preliminary objections seeking the dismissal of a claim may be sustained only in cases that are clear and free from doubt, Discover Bank v. Stucka, 2011 PA Super 241, 33 A.3d 82, 86 (Pa. Super. 2011), and to be clear and free from doubt, it must appear with certainty that the law would not permit recovery based upon the facts averred. Rodgers v. Lorenz, 2011 PA Super 154, 25 A.3d 1229, 1231 (Pa. Super. 2011). If any doubt exists as to whether a demurrer should be sustained, it should be resolved in favor of overruling the preliminary objection. Butler v. Charles Powers Estate, 2011 PA Super 198, 29 A.3d 35, 39 (Pa. Super. 2011).
DISCUSSION
In the case at bar, we have determined that the complaint is legally insufficient, and as such, a dismissal is required. *228 The auditors have failed to overcome the demurrer of the sheriff for two clear and distinct reasons. First, the compliant improperly seeks to increase the statutory authority of the Perry County Auditors by alleging that auditors in this Commonwealth have the duty to obtain information that was never intended by the statutory language of 16 P.S. §1721 or 16 P.S. §1724. Second, the compliant does not make any allegation that the sheriff’s actions have caused the auditors to fail in performing their statutory duty to audit.
County auditors in this Commonwealth are required to “audit, settle and adjust the accounts of the county, and make an annual report thereof, on or before the first day of the following July, to the court of common pleas, unless upon due cause shown the court shall grant an extension of time therefor. Said report shall be in detail, showing distinctly and separately all receipts and expenditures of the several offices, and all debts and accounts due, and the amount raised from each source of revenue, and the expenditures in detail and classified by reference to the object thereof, together with a full statement of the financial conditions of the county, and a statement of the balance due from or to such county officers.” 16 P.S. § 1721(a).
A plain reading of the statute reveals that county auditors are only required to conduct a financial audit. They are required to audit “receipts and expenditures.” The statute does not expand their duties to conduct a performance audit, nor are they tasked with conducting a quality control audit. Had the legislature wished to provide county auditors with additional duties, or if the legislature had intended for auditors to have access to additional information in the possession of those county officials *229 subject to an audit, those requirements would have been spelled out in the County Code.
The subject complaint alleges that the plaintiffs cannot perform their duties “unless the auditors review the original, unredacted records where the sheriff records the receipt and disbursement of such fees.” Complaint, P.4, ¶17. However, the auditors fail to support this claim with any facts that relate the redacted information to their obligation to audit the sheriff’s financial records. Nor is it alleged that there was ever an unsuccessful attempt made at an audit, with the failure being attributed to the sheriff’s withholding of the sought after information. In other words, the complaint does not allege any facts that connect the alleged inability to audit to the redacted information. Thus, the complaint appears to be nothing more than a fishing expedition for information unrelated to the plaintiffs’ statutory duty to audit.
We agree that the sheriff is obligated to provide the auditors with documentation sufficient for the auditors to perform their duties, but the sheriff is obligated to likewise comply with the law insofar as he must protect the confidentiality of information contained in his records. Therefore, absent facts that make it necessary for the auditors to have the names and addresses of the applicants pursuant to the uniform application for a Pennsylvania license to carry firearms, there is no basis for declaratory relief.
Accordingly, we will sustain the preliminary objection in the nature of a demurrer filed by defendant and dismiss the complaint.

. Defendant has also raised preliminary objections pursuant to Pa.R.C.P. 1028(a)(2), 1028(a)(3), 1028(a)(5) and 1028(a)(8).