J-A29019-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| VERTONIX, LTD., | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| YURI AND OLGA LYUBARSKY, | |
| Appellants | |
| v. | |
| THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA, | |
| Appellee | No. 3787 EDA 2016 |

Appeal from the Order November 8, 2016
in the Court of Common Pleas of Philadelphia County
Civil Division at No.: February Term, 2011 No. 03388

| | |
|---|---|
| VERTONIX, LTD., | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| YURI AND OLGA LYUBARSKY, H/W | |
| Appellants | |
| v. | |
| THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA, | |
| Appellee | No. 477 EDA 2017 |

Appeal from the Order Entered January 27, 2017
in the Court of Common Pleas of Philadelphia County
Civil Division at No.: February Term, 2011 No. 03388

| | |
|---|---|
| VERTONIX, LTD., | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| YURI AND OLGA LYUBARSKY, | |
| Appellants | |
| v. | |
| THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA, | |
| Appellee | No. 2943 EDA 2017 |

Appeal from the Order Entered August 15, 2017
in the Court of Common Pleas of Philadelphia County
Civil Division at No.: February Term, 2011 No. 03388

BEFORE:  LAZARUS, J., PLATT, J.,* and STRASSBURGER, J.*

MEMORANDUM BY PLATT, J.:                    **FILED FEBRUARY 06, 2018**

In these consolidated appeals, Appellants, Yuri and Olga Lyubarsky, appeal from the orders of the trial court denying their petition to strike a confessed judgment; granting the motion of Appellee, Vertonix, Ltd. (Vertonix

_____

* Retired Senior Judge assigned to the Superior Court.

Ltd.), for a judgment against Appellee Garnishee, The Guardian Life Insurance Company of America (Guardian Life); and denying Appellants' motion for partial summary judgment.[1]  We affirm.

We take the factual and procedural history in this matter from our review of the certified record and the trial court's February 13, 2017, May 25, 2017, and November 21, 2017 opinions.

On January 14, 2009, Appellants and Vertonix, Ltd. executed a Settlement Agreement to settle a civil action that Vertonix, Ltd. filed against Appellants in the Superior Court of New Jersey.  (***See*** Settlement Agreement and Release, 1/14/09, at 1-3).  The Settlement Agreement provided Vertonix, Ltd. the right to confess judgment against Appellants, per the terms of an attached Surety Agreement.  (***See id.*** at 1-2 ¶ 3; ***see also*** Surety Agreement, 1/14/09, at 1-5).  The Surety Agreement included a section concerning confession of judgment wherein Appellants "irrevocably authorize[d] and empowere[d] the prothonotary or clerk . . . to waive the issuance and service of process[.]"  (Surety Agreement, at 4 ¶ 7).  It further provided that:  "In granting the above warrant of attorney to confess judgment, [Appellants] hereby knowingly, intentionally, and voluntarily waive[] any and all

_____

[1] On February 28, 2017, this Court *sua sponte* consolidated the appeal of the trial court's November 8, 2016 order at Docket No. 3787 EDA 2016, and the appeal of the court's January 27, 2017 order at Docket No. 477 EDA 2017. On September 19, 2017, this Court granted Appellants' application for consolidation and continuance and consolidated their appeal of the trial court's August 15, 2017 order at Docket No. 2943 EDA 2017, with the appeal at Docket Nos. 3787 EDA 2016 and 477 EDA 2017.

constitutional rights [Appellants have] . . . either upon the confession of judgment . . . or . . . upon execution process thereon[.]" (*Id.*).

On February 24, 2011, after Appellants failed to make timely payment, Vertonix, Ltd. confessed judgment against them for $184,264.19. During post-judgment discovery, Appellants filed various motions to compel and motions for sanctions seeking to enforce their judgment. On October 30, 2015, Appellants filed a praecipe to issue a writ of execution in attachment to Guardian Life. On November 18, 2015, Guardian Life filed an answer, objections and new matter.

On May 25, 2016, Appellants filed a motion to sustain claim for exemption for all interest in and proceeds from four insurance policies issued by Guardian Life; two life insurance policies and two disability insurance policies. On July 7, 2016, the trial court denied Appellants' motion to sustain claim for exemption. Appellants did not timely appeal the court's order; however, on May 31, 2017, they filed a motion for reconsideration, which the court denied on June 6, 2017.

On June 23, 2016, Appellants filed a petition to strike the confessed judgment. The court conducted a hearing on September 21, 2016, and denied the petition on November 8, 2016. Appellants timely appealed.[2]

_____

[2] The trial court did not order Appellants to file a statement of errors complained of on appeal. It filed its opinion on February 13, 2017. *See* Pa.R.A.P. 1925.

- 4 -

On December 16, 2016, Vertonix, Ltd. filed a motion for judgment against Guardian Life seeking the proceeds or net cash surrender value of the two individual life insurance policies that the court had deemed not subject to exemption in the July 7, 2016 order. On January 27, 2017, the trial court granted Vertonix, Ltd.'s motion for judgment and ordered that Guardian Life surrender to Vertonix, Ltd. the net cash surrender value of the two life insurance policies. Appellants timely appealed.[3]

On July 11, 2017, Appellants filed a motion for partial summary judgment arguing that the disability insurance policies were exempt from execution. The trial court denied the motion on August 15, 2017. Appellants timely appealed.[4]

Appellants present eight questions on appeal.

    I.    Order of November 7, 2016—3787 EDA 2016

        1. Is the confessed judgment of February 24, 2011 fatally defective on its face and *void ab initio* due to the omission of an address from the record where original process may be effectuated on [Appellants]?

        2. Is the confessed judgment fatally irregular on its face where the complaint's affidavit of mailing avers original process was sent by regular mail to "19 Shallow Brook Road Morganville, NJ 07751" which is inconsistent and non-

---

[3] The trial court did not order Appellants to file a statement of errors complained of on appeal. It filed its opinion on May 25, 2017. *See* Pa.R.A.P. 1925.

[4] Pursuant to the trial court's order, Appellants filed a statement of errors complained of on appeal on October 5, 2017. The trial court entered its opinion on November 21, 2017. *See* Pa.R.A.P. 1925.

compliant with the terms of the Surety Agreement's venue and exclusive jurisdiction section requiring service by certified mail to an address included in the agreement containing the confession of judgment clause?

3. Was the trial court without jurisdiction to enter the confessed judgment against [Appellants] due to a failure of proper service of process, in violation of Pa.R.C.P. 2958.1, Pa.R.C.P. No. 403, and the terms of the Surety Agreement, where original process was sent by regular mail and to an address on which the agreement was entirely silent?

4. Did the trial court err by finding waiver in that [Appellants] "agreed to waive all arguments with regard to due process, service, and their constitutional rights," in light of the Surety Agreement's language reserving service of process to [Appellants] by certified mail to an address contained in the agreement?

5. Did the trial court improperly cite to matters *dehors* the record in footnote 5 of its opinion of February 13, 2017 and thereby commit reversible error when it assumed without any factual support in the record that "the parties all knew" what the service address was?

6. Did the trial court err by ruling in its opinion "that actual service was not in issue" despite the issue being plainly pled in the petition to strike—"this effectuation of process being missing"—and over defense counsel's three objections at oral argument that the trial court may not look to extrinsic evidence regarding service and must confine its inquiry to the record?

7. Did the trial court fail to strictly construe and resolve any doubts or ambiguities regarding the validity of the judgment in favor of [Appellants] in accordance with the established rules of construction that any doubts as to the judgments' validity are to be resolved against the party entering such judgments and that a written instrument must be strictly construed against its maker?

II. Order of November 7, 2016

8. Whether the trial court erred as a matter of law in its statutory interpretation and failure to apply Pennsylvania Supreme Court precedent by granting Vertonix, Ltd.'s

- 6 -

> motion for judgment and denying [Appellants'] claim of immunity from execution on the life insurance policy in contravention of 42 Pa.C.S.[A.] § 8124(c)(6) and the holding of *Resolute Ins. Co. v. Pennington*, [224 A.2d 757] ([Pa.] 1966)?

(Appellants' Brief, at 3-5) (unnecessary capitalization omitted).

Preliminarily, we note that Appellants did not file a supplemental brief after this Court consolidated their appeal at Docket No. 2943 EDA 2017 with the other cases in this matter. None of the questions presented in Appellants' brief addresses the trial court's August 15, 2017 order. (*See* Appellants' Brief, at 3-5). "No question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby." Pa.R.A.P. 2116(a). Therefore, because Appellants did not raise any issues to be resolved with respect to the trial court's August 15, 2017 order, they have abandoned their appeal, and we dismiss the appeal at Docket No. 2943 EDA 2017.

In their first issue, set forth in questions one through three,[5] Appellants argue that "the confessed judgment of February 24, 2011 is fatally flawed and must be stricken as it contains a critical omission causing improper service and lack of jurisdiction[.]" (Appellants' Brief, at 14) (unnecessary capitalization omitted). Specifically, they argue that because the address at which service was supposed to be made is not included in the surety agreement, the surety agreement is fatally defective by way of omission and

---

[5] In the argument portion of their brief, Appellants offered a combined argument for questions 1-3, 4-7, and 8. (*See* Appellants' Brief, at 14-30). Accordingly, for ease of disposition, we have similarly grouped the issues in our discussion.

the judgment was fatally flawed because of improper service. (***See id.*** at 14-23). We disagree.

"In examining the denial of a petition to strike or open a confessed judgment, we review the order for an abuse of discretion or error of law." ***Ferrick v. Bianchini***, 69 A.3d 642, 647 (Pa. Super. 2013) (citation omitted).

> "A petition to strike a judgment is a common law proceeding which operates as a demurrer to the record. A petition to strike a judgment may be granted only for a fatal defect or irregularity appearing on the face of the record." ***Resolution Trust Corp. v. Copley Qu–Wayne Associates***, 546 Pa. 98, 106, 683 A.2d 269, 273 (1996).

> > In considering the merits of a petition to strike, the court will be limited to a review of only the record as filed by the party in whose favor the warrant is given, *i.e.*, the complaint and the documents which contain confession of judgment clauses. Matters *dehors* the record filed by the party in whose favor the warrant is given will not be considered. If the record is self-sustaining, the judgment will not be stricken. . . . An order of the court striking a judgment annuls the original judgment and the parties are left as if no judgment had been entered.

> ***Hazer v. Zabala***, 26 A.3d 1166, 1169 (Pa. Super. 2011) (quoting ***Resolution Trust Corp.***, ***supra***). In other words, the petition to strike a confessed judgment must focus on any defects or irregularities appearing on the face of the record, as filed by the party in whose favor the warrant was given, which affect the validity of the judgment and entitle the petitioner to relief as a matter of law. [***See***] ***ESB Bank v. McDade***, 2 A.3d 1236, 1239 (Pa. Super. 2010). "[T]he record must be sufficient to sustain the judgment." ***Id.*** The original record that is subject to review in a motion to strike a confessed judgment consists of the complaint in confession of judgment and the attached exhibits. ***Resolution Trust Corp.***, ***supra*** at 108, 683 A.2d at 274.

***Midwest Fin. Acceptance Corp. v. Lopez***, 78 A.3d 614, 622–23 (Pa. Super. 2013).

Here, Appellants contend that the trial court should have stricken the confessed judgment as fatally defective because the Surety Agreement does not set forth an address where process may be effectuated. (***See*** Appellants' Brief, at 15). The provision at issue in the Surety Agreement states:

> Surety waives personal service of the summons, complaint and any other process issued in any such action or suit and agrees that service of such summons, complaint, and any other process may be made by registered or certified mail, postage prepaid, addressed to the Surety at the address set forth below and that service so made shall be deemed completed upon the providing of such notice. . . .

(Surety Agreement, at 3 ¶ 4). Consistent with Appellants' claim, the Surety Agreement does not contain an "address set forth below[.]" (***Id.***).

However, the trial court found that there was not any fatal defect, which would have mandated striking the judgment, and that Appellants waived any challenge to improper service. (***See*** Trial Court Opinion, 2/13/17, at 4). It explained that "[t]he record indicates that [Appellants] signed a Settlement Agreement and Release, a Surety Agreement, and a Disclosure and Waiver of Rights Regarding Confession of Judgment, in which they agreed to waive all arguments with regard to due process, service, and their constitutional rights." (***Id.***).

Upon review, we conclude that the trial court did not abuse its discretion when it denied Appellants' petition to strike the confessed judgment. Appellants' argument that, although service was waived, the Surety

Agreement lacked an address at which service may be effectuated, does not prove a fatal defect. Furthermore, we agree that the Surety Agreement is clear that Appellants waived all arguments with regard to service. (*See* Surety Agreement, at 3 ¶ 4, 4 ¶ 7). Appellants did not meet their burden of showing that the trial court abused its discretion. *See Ferrick*, *supra* at 647. Appellants' first issue (as set forth in questions one through three) does not merit relief.

In their next issue (set forth in questions four through seven), Appellants claim that "the petition to strike was properly pled, and it was error for the trial court to find waiver of [Appellants'] right to service as specified in the agreement and waiver of the argument of improper service and failure to apply established rules of construction[.]" (Appellants' Brief, at 23) (unnecessary capitalization omitted). Appellants contend that the trial court erred when it found waiver because it did not resolve in their favor any doubts, ambiguities, and irregularities in the record. (*See id.* at 25). We disagree.

As discussed, we review the denial of a petition to strike a confessed judgment for an abuse of discretion or error of law. *See Ferrick*, *supra* at 647.

> It is a firmly established rule of construction in the case of warrants of attorney to confess judgments that the authority thus given must be clear, explicit and strictly construed, that if doubt exists it must be resolved against the party in whose favor the warrant is given, and that all proceedings thereunder must be within the strict letter of the warrant. . . .

*Dime Bank v. Andrews*, 115 A.3d 358, 364 (Pa. Super. 2015) (citation omitted).

Here, the Surety Agreement is clear and unambiguous that Appellants "irrevocably authorize[] . . . any attorney of any court of record to waive the issuance and service of process and . . . confess judgment . . . against" them. (Surety Agreement, at 4 ¶ 7; *see also id.* (waiving all constitutional rights upon confession of judgment or execution process); *id.* at 2 ¶ 2(a) (waiving notice); *id.* at 3 ¶ 4 (waiving personal service of summons and complaint)). Furthermore, the Settlement Agreement provides that it "shall be deemed as having been jointly drafted by the parties and shall not be construed in favor or against either of the parties, but will be given its plain meaning." (Settlement Agreement, at 2 ¶ 8).

Therefore, we conclude that the trial court did not abuse its discretion when it interpreted the plain meaning of the Surety Agreement and concluded that Appellants waived their right to service. *See Ferrick*, *supra* at 647. Appellants' second issue (questions four through seven) does not merit relief.

Lastly, in their final issue, Appellants claim that the trial court erred when it ruled that Guardian Life must surrender the cash value of two life insurance policies.[6] (*See* Appellants' Brief, at 25-30). They contend that the

---

[6] In addition to denying exemption for the life insurance policies, the court denied Appellants' claimed exemption for two disability insurance policies. In their brief, Appellants did not raise the issue of whether the disability policies are exempt. (*See* Appellants' Brief, at 8, 13, 25-30). Therefore, Appellants have waived that claim. *See* Pa.R.A.P. 2101, 2116(a), 2119(a)-(c).

policies are exempt under 42 Pa.C.S.A. § 8124(c)(6), because Appellant Olga Lyubarsky, the spouse of the insured, is the beneficiary of the policy. (*See id.* at 26, 29). We disagree.

Appellants claim that the trial court erred in its interpretation of Section 8124(c)(6). Because this presents a purely legal question, our standard of review is *de novo* and our scope of review is plenary. ***See Allstate Life Ins. Co. v. Com.***, 52 A.3d 1077, 1080 (Pa. 2012).

> The General Assembly has directed in the Statutory Construction Act, 1 Pa.C.S.[A.] § 1501 *et seq.*, that the object of interpretation and construction of all statutes is to ascertain and effectuate the intention of the General Assembly. Generally speaking, the best indication of legislative intent is the plain language of a statute. Furthermore, in construing statutory language, "[w]ords and phrases shall be construed according to rules of grammar and according to their common and approved usage . . . ." 1 Pa.C.S.[A.] § 1903. . . .

***Rodgers v. Lorenz***, 25 A.3d 1229, 1231 (Pa. Super. 2011) (case citation omitted).

Section 8124(c)(6) states:

> **(c) Insurance proceeds.—**The following property or other rights of the judgment debtor shall be exempt from attachment or execution on a judgment:
>
> > (6) The net amount payable under any annuity contract or policy of life insurance made for the benefit of or assigned to the spouse, children or dependent relative of the insured, whether or not the right to change the named beneficiary is reserved by or permitted to the insured. **The preceding sentence shall not be applicable to the extent the judgment debtor is such spouse, child or other relative.**

- 12 -

42 Pa.C.S.A. § 8124(c)(6) (emphasis added).

Here, Appellant Olga Lyubarsky is both the beneficiary of Appellant Yuri Lyubarsky's life insurance policies, and also a judgment debtor. (**See** Motion to Sustain Claim for Exemption, 5/25/16, at 1). Therefore, based upon the plain meaning of the statute, we conclude that the trial court did not err when it found that the life insurance policies were not exempt pursuant to Section 8124(c)(6). Appellants' final issue does not merit relief.[7]

Orders affirmed. Appeal at Docket 2943 EDA 2017 dismissed.

_____

[7] Furthermore, although Appellants argue that the final sentence should not apply because their children are named beneficiaries on the policy as well as Appellant Olga Lyubarsky, (**see** Appellants' Brief, at 28-30), Appellants base their argument on **Resolute Ins. Co.**, **supra**, which relied on the language of 40 P.S. § 517. Section 517 was the predecessor to section 8124(c), and did not include the sentence concerning judgment debtor beneficiaries. Therefore, we decline to apply its holding in the instant case. Additionally, we note that Appellants' children are contingent beneficiaries under the policy whose rights do not arise until the death of the primary beneficiary, Appellant Olga Lyubarsky. (**See** Trial Ct. Op., 5/25/17, at 3-4). Finally, Appellants' motion to sustain claim for exemption only argues that the policies are exempt because Appellant Olga Lyubarsky is the beneficiary; it does not mention the children. (**See** Motion for Exemption, at 1-2). "Issues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:2/6/18