J-A29026-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| HETRICK-BITNER FUNERAL HOME, INC. | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| | : | |
| JODI WARD, JODI M. WARD, JODI M. NAGY, AND DANIEL M. WARD | : | |
| | : | |
| Appellants | : | |
| | : | No. 664 WDA 2024 |

Appeal from the Order Entered May 30, 2024
In the Court of Common Pleas of Cameron County Civil Division at No(s):
2023-01500

BEFORE:  OLSON, J., LANE, J., and BENDER, P.J.E.

MEMORANDUM BY LANE, J.:                    **FILED: March 25, 2025**

Jodi Ward (aka Jodi M. Ward and Jodi M. Nagy) and Daniel M. Ward (collectively, "the Wards") appeal from the order denying their motion to strike the confession of judgment filed by Hetrick-Bitner Funeral Home, Inc. "("Hetrick-Bitner").  We affirm.

Jodi was an employee of Hetrick-Bitner, and during the course of her employment, she stole over $150,000.00 from Hetrick-Bitner.  Jodi ultimately pleaded guilty to forgery and theft and was ordered to pay restitution to Hetrick-Bitner.  Jodi and her husband, Daniel, entered into a settlement agreement with Hetrick-Bitner and executed a judgment note in favor of Hetrick-Bitner which contained a confession of judgment.  The terms of the settlement agreement and judgment note provided that the Wards would repay Hetrick-Bitner $143,575.00 by making monthly payments of $500 per month for ten years with a final payment of $107,328.73 at the end of the

ten-year period. The Wards defaulted on the note and Hetrick-Bitner filed a complaint in confession of judgment. On January 6, 2016, a confessed judgment was entered, and the Cameron County prothonotary provided notice of entry of judgment to the Wards pursuant to Pa.R.C.P. 236. Some years later, on October 26, 2023, Hetrick-Bitner filed a praecipe for writ of revival to revive the January 2016 confession of judgement. The Wards did not oppose or respond to the writ of revival. On March 5, 2024, Hetrick-Bitner filed a praecipe for writ of execution of the confessed judgment, and a sheriff served the Wards with notice of the same the following day. On April 5, 2024, Hetrick-Bitner served the Wards by certified mail with the required notice of the judgment and execution pursuant to Pa.R.C.P. 2958.2.

On May 8, 2024, the Wards filed a motion to strike the confession of judgment. The trial court conducted a hearing at which neither party presented any evidence or testimony. However, the trial court took judicial notice of the record and docket in the case. The trial court determined that the petition to strike was untimely filed, and further concluded that the record did not support the relief requested by the Wards. Accordingly, on May 30, 2024, the trial court entered an order denying the petition to strike. The Wards filed a timely notice of appeal, and both they and the trial court complied with Pa.R.A.P. 1925.

The Wards raise the following issue for our review: "Did the trial court err in denying and dismissing [the Ward's] petition to strike [Hetrick-Bitner's]

- 2 -

confession of judgment." Wards' Brief at 4 (unnecessary capitalization omitted).

We review a trial court's order denying a petition to strike a confessed judgment to determine whether the record is sufficient to sustain the judgment. *See ESB Bank v. McDade*, 2 A.3d 1236, 1239 (Pa. Super. 2010). A petition to strike a judgment may be granted only if a fatal defect or irregularity appears on the face of the record. *See id*. If the record is self-sustaining, the judgment will not be stricken. *See Resolution Trust Corp. v. Copley Qu-Wayne Assocs.*, 683 A.2d 269, 273 (Pa. 1996).

A confession of judgment action is a proceeding to enter a judgment by confession of money. *See Lechowicz v. Moser*, 164 A.3d 1271, 1273-74 (Pa. Super. 2017). To enter a judgment of confession, the creditor files a complaint for confession of judgment along with the judgment note signed by the party to be bound pursuant to Pa.R.C.P. 2950 through 2967. *See id*. According to Rule 2956, the prothonotary shall enter judgment in conformity with the confession and provide Rule 236 notice to the debtor. *See* Pa.R.C.P. 2956; *see also* Pa.R.C.P. 236. Though the entry of a confessed judgment lacks the hallmarks of an adversarial proceeding, "it has all the qualities of a judgment on a verdict." *Midwest Fin. Acceptance Corp. v. Lopez*, 78 A.3d 614, 625-26 (Pa. Super. 2013) (*quoting O'Hara v. Manley*, 12 A.2d 820, 822 (Pa. Super. 1940)).

The rules relating to confession of judgment require the creditor to provide notice to the debtor prior to or contemporaneous with the execution on a confessed judgment. *See* Pa.R.C.P. 2950, cmt. Rule 2959(a)(3) requires a petition for relief from a confessed judgment to be filed within thirty days after service of notice. *See* Pa.R.C.P. 2958.2, cmt. Unless the defendant can demonstrate that there were compelling reasons for the delay, a petition not timely filed shall be denied. *See id*. The judgment creditor may delay execution until the judgment debtor acquires sufficient assets to satisfy the judgment. *See Thomas Assocs. Investigative & Consulting Services, Inc. v. GPI Ltd., Inc.*, 711 A.2d 506, 508 (Pa. Super. 1998). Therefore, the timely filing of the petition to strike means within thirty days from a notice of execution which need not be timely at all. *See id*.

The Wards initially argue that the trial court erred by concluding that their petition was untimely filed. The Wards claim that they mailed their petition to strike via two-day express mail service on April 30, 2024, and assert that they do not know why it was not docketed until May 8, 2024, and whatever the reason for the delay, they insist it was not their fault. The Wards additionally argue that the terms of the settlement agreement and judgment note lacked consideration for the following reasons: (1) the settlement agreement and judgment note were gratuitous and lacked any benefit to Jodi because she was already obligated to pay Hetrick-Bitner via the restitution order; and (2) the settlement agreement and judgment note lacked any

benefit to Daniel because he committed no wrong but received the detriment of a promise to Hetrick-Bitner without any corresponding benefit. The Wards also contend that the settlement agreement and judgment note are unconscionable because the Wards had no meaningful choice but to enter the settlement agreement and judgment note under duress, so that Jodi would avoid jail time for her crimes. Finally, the Wards argue that because Daniel had no obligation to Hetrick-Bitner and gained no benefits, the settlement agreement and judgment note could have only created a consumer credit transaction as it relates to him.[1]

The trial court considered the Wards' issue and concluded that it lacked merit. The court determined that the petition was untimely filed, and further concluded that "there is no fatal defect or irregularity on the face of the record to warrant the confess[ed] judgment . . . being stricken." Trial Court Opinion, 7/16/24, at 2.

As explained above, a petition to strike must be filed within thirty days from the notice of execution of the confessed judgment. Here, the record reflects that the Wards received the required statutory notice of the judgment and execution on April 5, 2024. Accordingly, they were required to file their

---

[1] A "consumer credit transaction" is defined as: "a credit transaction in which the party to whom credit is offered or extended is a natural person and the money, property or services which are the subject of the transaction are primarily for personal, family or household purposes." Pa.R.C.P. No. 2950.

petition to strike within thirty days, or by May 6, 2024.[2]  The Ward's petition to strike, filed on May 8, 2024, is therefore patently untimely.  This Court is mindful that a defendant may demonstrate that there were compelling reasons for the delay.  **See** Pa.R.C.P. 2959(a)(3).  However, even assuming that the Wards could overcome the untimeliness of their petition by providing compelling reasons for the delay, they would not be entitled to relief.

As explained above, the basis for relief contemplated by a petition to strike is very narrow.  A petition to strike a judgment may be granted only if a ***fatal defect or irregularity*** appears on the face of the record.  ***See ESB Bank***, 2 A.3d at 1239.  Accordingly, a petition to strike a confessed judgment must, necessarily, focus on any fatal defects or irregularities appearing on the face of the record.

Here, the petition to strike filed by the Wards did not identify any defect or irregularity appearing on the face of the record.  Similarly, in their brief on appeal, the Wards have not argued that there is any fatal defect or irregularity appearing on the face of the record.  Instead, they merely assert various reasons why they should not have entered the settlement agreement and

---

[2] The thirtieth day fell on Sunday, May 5, 2024; therefore, the Wards had until the following business day, Monday, May 6, 2024, to file their petition.  **See** 1 Pa.C.S.A. § 1908.

judgment note, and raise potential defenses to its execution.[3]  Thus, as the Wards have not identified any defect or irregularity on the face of the record which could support a petition to strike the confessed judgment, and our independent review reflects that the record is sufficient to sustain the judgment, we affirm the trial court's order denying the petition to strike.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

3/25/2025

---

[3] The Wards appear to conflate a petition to strike with a petition to open. These are distinct remedies which are not interchangeable.  **See Lopez**, 78 A.3d 623.  A confession of judgment may be **opened** if the petitioner acts promptly, alleges a meritorious defense, and presents sufficient evidence in support of the defense to require the submission of the issues to a jury.  **See Ferrick v. Bianchini**, 69 A.3d 642, 647 (Pa. Super. 2013).  Here, the Wards did not file a petition to open.  Therefore, their arguments regarding potential defenses to the judgment note are irrelevant to the narrow question before this Court; namely, whether there is any fatal defect or irregularity appearing on the face of the record.