683 A.2d 269

RESOLUTION TRUST CORPORATION, as Receiver for Hansen Federal Savings Association, as successor in interest to Hansen Savings Bank, SLA, Appellant,

v.

COPLEY QU–WAYNE ASSOCIATES, a Pennsylvania Limited Partnership; Daniel Banks and Jacquelyn Banks, as tenants by the entireties, Robert Elwood and Beryl Elwood, as tenants by the entireties, Dale Criswell, Raymond Alexander, Leonard Goldman, Ester Goldman and Edward Hollin, all trading as Brighton Court Associates, a Pennsylvania Limited Partnership; and Daniel Banks and Jacquelyn Banks, jointly and severally, Defendants,

Raymond Alexander, Appellee.

Supreme Court of Pennsylvania.

Argued Jan. 22, 1996.

Decided Sept. 24, 1996.

Gregory P. Miller, Kenneth A. Murphy, Tamara L. Traynor, Philadelphia, for F.D.I.C.

Kenneth E. Aaron, Philadelphia, for Raymond Alexander.

Before NIX, C.J., and FLAHERTY, ZAPPALA, CAPPY, CASTILLE and NEWMAN, JJ.

## OPINION OF THE COURT

CAPPY, Justice:

We granted allocatur to address the issues of whether the Superior Court erred in ordering that a judgment entered by confession be vacated because of a lack of authority of the managing general partner to execute an instrument containing a confession of judgment clause on behalf of his co-partners and whether the Superior Court erred in deciding that the managing general partner of the partnership in this case did

not have the authority to incur debt on behalf of the partnership. For the reasons that follow, we reverse the decision of the Superior Court and remand for proceedings consistent with this opinion.

The facts underlying this matter are, for the most part, not in dispute. Brighton Court Associates ("Brighton Court") is a Pennsylvania general partnership.[1] Daniel Banks and his wife Jacquelyn Banks are Brighton Court's managing general partners. Appellee, Raymond Alexander, is a general partner of Brighton Court. The partners of Brighton Court, including Appellee, entered into a "General Partnership Agreement of Brighton Court Associates" (the "Partnership Agreement") which set forth the rights and obligations of the partners, as well as granted the managing partners authority to act on behalf of the partnership and the partners. Additionally, Appellee entered into a "Limited Power of Attorney" (the "Limited Power of Attorney") which bestowed upon Daniel and Jacquelyn Banks, as managing partners, certain powers as Appellee's attorney-in-fact.

Daniel Banks is also the sole general partner of Copley Qu–Wayne Associates ("Copley Qu–Wayne"), a Pennsylvania limited partnership. Jacquelyn Banks is a limited partner of Copley Qu–Wayne.

In June, 1989, Brighton Court and Copley Qu–Wayne executed a promissory note (the "Note") on behalf of Appellant.[2]

1. The partners and the percentages of each partner's interest in Brighton Court are as follows:

| | |
|---|---|
| Daniel Banks and Jacquelyn Banks | 67% |
| Robert Elwood and Beryl Elwood | 11% |
| Edward Hollin | 17% |
| Dale Criswell | 4% |
| Raymond Alexander | 1% |
| Total | 100% |

2. The Note was originally executed on behalf of Fidelity Mortgage Company. Subsequently, the Note was endorsed to Hansen Savings Bank, SLA. In 1992, Hansen Savings Bank, SLA, was declared insolvent and the Resolution Trust Corporation ("RTC") was appointed as receiver. In November, 1992, RTC assigned the Note to Bank of America, NTSA, who held the Note as trustee of a mortgage loan pool.

Pursuant to the terms of the Note, the partnerships were obligated to repay a loan from Appellant in the amount of $1,500,000.00. The Note was executed by Brighton Court and signed by Daniel Banks as managing partner on behalf of Brighton Court, as well as by Copley Qu–Wayne, signed by Daniel Banks as its sole general partner. Section 8 of the Note contained a confession of judgment clause which allowed the holder of the Note to enter judgment by confession on a warrant of attorney in the full amount of the loan together with other sums in the event of default under the Note.[3]

By its terms, the Note matured on June 9, 1992 at which time all outstanding sums became due and payable. At that time, neither Brighton Court nor Copley Qu–Wayne had paid all outstanding sums due under the Note. No payments were made on the Note since December 1, 1992; thus, the partnerships were alleged to be in default since that date. On October 4, 1993, Appellant filed a complaint for confession of judgment (the "Complaint") for the monies due and owing under the Note against Copley Qu–Wayne, Brighton Court in the names of its individual partners, including Appellee, all trading as Brighton Court,[4] and Daniel and Jacquelyn Banks. Attached to the Complaint were the Note and a Guaranty and Suretyship Agreement between Appellant and the Banks.[5] Judgment was entered against all the defendants by the Court

Thereafter, Bank of America evidently returned the Note to RTC and on October 18, 1995, RTC was substituted as the Appellant in this appeal. We shall refer to the various financial institutions involved in this matter, both collectively and individually, as "Appellant."

3. The confession of judgment states in relevant part: "Maker hereby irrevocably authorizes and empowers any attorney of record, or the Prothonotary or Clerk of any court in the Commonwealth of Pennsylvania or elsewhere, to appear for Maker at any time or times, after the occurrence of an event of default under the Loan Documents, ... to confess or enter judgment against Maker for all sums payable by Maker to Payee under the Loan Documents ... [.]"

4. Because Appellant chose to file its confession of judgment against Brighton Court in the names of the individual Brighton Court partners, Appellant was able to attempt to satisfy its judgment by executing upon the property of Brighton Court and upon the individual assets of any partner. Pa.R.C.P. 2128(a), 2132(b).

5. The Guaranty and Suretyship Agreement and the judgments entered pursuant thereto are not at issue in this appeal.

of Common Pleas of Philadelphia County on the same date in the amount of $1,680,175.52.

On February 7, 1994, Appellee filed a petition to strike or open the judgment by confession contending, inter alia, that Daniel Banks lacked authority to confess judgment against the partnership and him. On March 9, 1994, Appellant filed an answer and new matter to Appellee's petition. Appellant attached to its answer and new matter, inter alia, the Partnership Agreement and the Limited Power of Attorney signed by Appellee.

On March 28, 1994, the Court of Common Pleas of Philadelphia County denied Appellee's petition to strike or open the judgment by confession. The Court of Common Pleas reasoned that Appellee had expressly authorized the execution of the Note and the confession of judgment provision therein relying upon the language contained in the Note, the Partnership Agreement and the Limited Power of Attorney. Therefore, the court found no defect on the face of the record to serve as a basis to strike the judgment. The court further found, based upon the Partnership Agreement and the Limited Power of Attorney, that Appellee could not assert a meritorious defense based upon lack of authority, and thus, held that the judgment should not be opened.

On April 4, 1994, Appellee appealed to the Superior Court. The Superior Court reversed the decision of the Court of Common Pleas of Philadelphia on February 17, 1995 and vacated the judgment by confession against Appellee. The Superior Court deemed the pivotal issue to be whether Daniel Banks had the authority to obligate Brighton Court to the loan containing the confession of judgment clause. The Superior Court found that, as a matter of law, Daniel Banks did not have express authority from Appellee to confess judgment against him. The Superior Court reviewed both the Limited Power of Attorney and the Partnership Agreement and found that they both failed to provide Daniel Banks with express authority to execute a warrant of attorney to confess judgment on behalf of Brighton Court and Appellee. In reaching this conclusion, the Superior Court relied upon the recent

Third Circuit Court of Appeals decision in *Resolution Trust Corporation v. Forest Grove, Inc.,* 33 F.3d 284 (3d Cir.1994) and noted that § 8321(c)(4) of the Pennsylvania Uniform Partnership Act, 15 Pa.C.S.A. § 8321(c)(4), requires a partner to obtain express authority from co-partners to execute a warrant of attorney to confess judgment against the partnership and/or his co-partners. Finally, the Superior Court noted the inequities of the situation, finding that Daniel Banks abused his position of trust with Brighton Court by obtaining the loan solely for the financially troubled Copley Qu–Wayne.

On March 3, 1995, Appellant applied to the Superior Court for reargument *en banc.* However, by order dated April 25, 1995, the Superior Court denied Appellant's application. Thereafter, Appellant filed a Petition for Allowance of Appeal and we granted allocatur, limited to the two issues addressed below.

The first issue raised by Appellant is whether the Superior Court erred in vacating the judgment based on an asserted defense of lack of authority. Specifically, Appellant argues that the Superior Court applied an incorrect standard for striking the confessed judgment by improperly relying upon matters outside of the original record supporting the confessed judgment as filed by Appellant and by improperly considering the equities of the matter. Appellant also argues that the Superior Court ignored the binding precedent of this court's decision in *DeRose v. Lombardi,* 413 Pa. 258, 196 A.2d 336 (1964).

However, as a threshold matter, we must determine whether the Superior Court, in reversing the decision of the court of common pleas and vacating the judgment, intended to strike or open the confessed judgment. The Superior Court's decision is unclear as to the precise relief that it granted to Appellee. Although a petition to strike and a petition to open are properly brought in the same petition, Pa.R.C.P. 2959, a petition to strike and a petition to open are two distinct forms of relief, each with separate remedies.

A petition to strike a judgment is a common law proceeding which operates as a demurrer to the record. *Bethlehem Steel Corporation v. Tri State Industries, Inc.*, 290 Pa.Super. 461, 434 A.2d 1236 (1981). A petition to strike a judgment may be granted only for a fatal defect or irregularity appearing on the face of the record. *Franklin Interiors v. Wall of Fame Management Company, Inc.*, 510 Pa. 597, 511 A.2d 761 (1986); *Parliament Industries, Inc. v. William H. Vaughan & Co., Inc.*, 501 Pa. 1, 459 A.2d 720 (1983). In considering the merits of a petition to strike, the court will be limited to a review of only the record *as filed by the party in whose favor the warrant is given*, i.e., the complaint and the documents which contain confession of judgment clauses. Matters dehors the record filed by the party in whose favor the warrant is given will not be considered. If the record is self-sustaining, the judgment will not be stricken. *Franklin Interiors, supra; Parliament Industries, supra.* However, if the truth of the factual averments contained in such record are disputed, then the remedy is by a proceeding to open the judgment and not to strike. *Northway Village No. 3, Inc. v. Northway Properties, Inc.*, 430 Pa. 499, 244 A.2d 47 (1968); *Manor Building Corporation v. Manor Complex Associates, Ltd.*, 435 Pa.Super. 246, 645 A.2d 843 (1994). An order of the court striking a judgment annuls the original judgment and the parties are left as if no judgment had been entered. Pa.R.C.P. 2959 com.; 12 Standard Pennsylvania Practice 2d § 71:320 (1983).

A petition to open a confessed judgment is governed by Pa.R.C.P. 2959. A party is entitled to have a judgment entered by confession opened if evidence is produced which in a jury trial would require the issues to be submitted to the jury. Pa.R.C.P. 2959(e). *Grove North America v. Arrow Lift & Construction Equipment Company, Inc.*, 421 Pa.Super. 12, 617 A.2d 369 (1992). When determining a petition to open a judgment, matters dehors the record filed by the party in whose favor the warrant is given, i.e., testimony, depositions, admissions, and other evidence, may be considered by the court. *Bethlehem Steel Corporation supra.* An order of the

court opening a judgment does not impair the lien of the judgment or any execution issued on it. Pa.R.C.P. 2959 com.; 12 Standard Pennsylvania Practice § 71:215 (1983).

Appellant and Appellee acknowledge that the Superior Court's decision is unclear as to whether it intended to strike or open the judgment. While Appellant suggests that the Superior Court intended to strike the confessed judgment, it nevertheless cites two standards of review, one if the Superior Court's decision is considered to have stricken off the judgment, and one if the decision is considered to have opened the judgment. Likewise, Appellee contends that the Superior Court struck the judgment, yet, as an alternative argument, Appellee urges that if the Superior Court's decision is considered to have granted its petition to open then the court still properly vacated the judgment pursuant to its equitable powers.

While the Superior Court relied upon matters outside of the original record as filed by Appellant, we believe that based upon the fact that the Superior Court vacated the judgment against Appellee, and the strong impression of the parties that the Superior Court granted Appellee's petition to strike the judgment, that in reversing the court of common pleas and in vacating the judgment, the Superior Court intended to strike off the judgment. Having so determined the action of the Superior Court, we now address whether the Superior Court properly granted Appellee's petition to strike the judgment.[6]

As noted above, and argued by Appellant, only the original record *as filed by the party in whose favor the warrant is given,* i.e., the Appellant, should be relied upon in considering the merits of a petition to strike a judgment. *Franklin Interiors, supra.* In the case *sub judice,* that original record consisted of the Complaint and the attached exhibits, i.e., the Note and the Guaranty and Suretyship Agreement. The trial court and the Superior Court clearly

---

**6.** Our standard of review is to determine whether the Superior Court erred as a matter of law. *Parliament Industries, Inc., supra.*

considered and relied upon matters outside of the original record presented by Appellant in support of its confession of judgment in determining Appellee's petition to strike, in that, they considered and relied upon Appellant's answer and new matter and the Partnership Agreement and Limited Power of Attorney attached thereto.

Appellee contends that although the court is normally restricted to a review of the record at the time the confession of judgment is entered in ruling on a petition to strike, because it was alleged that the judgment was entered into without authority, the Superior Court was permitted to consider extrinsic evidence of a lack of authority. Thus, Appellee submits that the Superior Court properly considered and relied upon the Partnership Agreement and the Limited Power of Attorney in making its determination. *Mullen v. Slupe*, 360 Pa. 485, 62 A.2d 14 (1948).

It is true that a line of cases beginning with *Bryn Mawr National Bank v. James*, 152 Pa. 364, 25 A. 823 (1893) can be cited for the proposition that where there is an allegation of lack of authority to execute the warrant of attorney, a court may properly review evidence outside of the record as filed by the party in whose favor the warrant is given in determining a petition to strike. *See also Mullen; Township of Middletown v. Fried & Gerber, Inc.*, 308 Pa.Super. 161, 454 A.2d 71 (1982). However, these cases have been criticized as an unwarranted exception to the general rule that in determining a petition to strike, evidence outside of the original record should not be considered. In *Fried & Gerber*, the Superior Court, while admittedly bound by the *Bryn Mawr* decision, expressed its concern about this "troublesome exception." *Fried & Gerber*, 308 Pa.Super. at 166, 454 A.2d at 73. The court emphasized the otherwise clear rule regarding consideration by a court of only matters of record in determining a petition to strike. Moreover, the Superior Court noted that the *Bryn Mawr* court was lacking a sufficient record on appeal to allow the court "an intelligent understanding of the case." The Superior Court traced subsequent cases citing *Bryn Mawr* and found that, for the most part, the cases did not necessarily

include consideration of material outside of the record. *Fried & Gerber*, 308 Pa.Super. at 166 n. 1, 454 A.2d at 73 n. 1.

■■■ For the reasons articulated in *Fried & Gerber*, we find that the cases permitting a court to consider and rely upon extrinsic evidence when determining a petition to strike a judgment based upon an allegation of lack of authority are an unwarranted and troublesome exception to the bright line which has otherwise been drawn in this area of the law. Therefore, in an effort to maintain the distinction between a petition to strike and a petition to open, to the extent these cases stand for the proposition that matters outside of the record may be considered on a petition to strike, they are overruled.[7] Thus, we hold that the Superior Court improperly relied upon matters outside of the record in determining the merits of Appellee's petition to strike and should have limited its review when considering Appellee's petition to strike to the record as originally filed by Appellant.[8]

7. As we have concluded that the Superior Court granted Appellee's petition to strike the judgment and we note that it is improper to consider the equities of the matter in a petition to strike, we also agree with Appellant's contention that the Superior Court improperly relied upon the equities in this case in granting Appellee's petition to strike.

8. We note that on April 1, 1996, the rules of civil procedure governing confession of judgment for money were amended. Effective July 1, 1996, amended Rule 2959 will seemingly govern the procedural framework for an individual raising a lack of authority as a defense. Specifically, Rule 2959 was amended to address the situation in which a defendant seeks relief from a judgment by confession on the ground that the waiver of due process rights of notice and hearing was not voluntary, intelligent, and knowing. Pa.R.C.P. 2959(e). If a writ of execution has been served and property has been levied upon or attached, the defendant shall raise such a defense by filing with the sheriff a petition to strike the judgment in the form of Rule 2967. Pa.R.C.P. 2958.3(b). The petition pursuant to Rule 2967 enables the defendant to petition the court to strike the judgment and request a prompt hearing on the issue. This hearing must be held within three business days after the sheriff presents the request to the court. Pa. R.C.P. 2958.3(c). The burden of proof is on the plaintiff to show by a preponderance of the evidence that the defendant voluntarily, intelligently, and knowingly waived the right to notice and hearing prior to entry of judgment. Pa.R.C.P. 2958.3(c)(1). The court will dispose of the matter on the testimony, admissions, or other evidence. Pa.R.C.P. 2958.3(c). Execution proceedings are stayed pending a determination of the validity of the waiver. Pa.R.C.P. 2958.3(d).

This brings us to Appellant's related argument that the Superior Court erred by failing to follow this court's decision in *DeRose* when it granted Appellee's petition to strike the confessed judgment. Each of the parties contend that a different decision of this court controls the outcome of this case. Appellant contends *DeRose* is dispositive. Conversely, Appellee contends that *Mullen* is controlling. Thus, we shall review each of these cases to determine if either is helpful in resolving the issue of whether the Superior Court erred in striking the confessed judgment.

In *DeRose*, plaintiff Joseph DeRose obtained a confession of judgment against a partnership and four individual partners pursuant to two notes. Both notes contained a warrant of attorney to confess judgment and were signed by one partner on behalf of the partnership, i.e., "Joseph Lombardi & Sons by Joseph Lombardi." The judgments by confession were supported by affidavits which identified the partnership and the individual partners, and stated that the notes were signed on behalf of the partnership by Joseph Lombardi with the authority and knowledge of the individual partners. The defendants petitioned to strike the judgment on the basis that it had been entered against persons not parties to the note and that the warrant of attorney was insufficient to authorize the prothonotary to enter judgment against them because the notes failed to contain any authority in the signer to bind the other partners. The lower court struck the confessed judgments.

On appeal, this court found that the lower courts erred in striking the judgments and that the defendants' remedy was by way of petition to open the judgements to litigate "the question of authority which, in the final analysis will be a question of fact." *DeRose*, 413 Pa. at 260, 196 A.2d at 337. Moreover, the *DeRose* court rejected the defendants' reliance upon the Uniform Partnership Act as mandating the striking of the judgment.[9] The court found that the Uniform Partner-

---

9. Although both *DeRose* and *Mullen* made reference to the Uniform Partnership Act citing 59 P.S. § 31, which is the predecessor to 15 Pa.C.S.A. § 8321(c)(4), the language of the two statutes is identical.

ship Act had no bearing on the issue of the propriety of striking the judgments, but went to the question of ultimate liability to be raised in a petition to open. Further, the court noted that while the judgments may be invalid if the partners could establish that the notes were executed without their authority, the Uniform Partnership Act simply provided a defense which could only be established of record by petitioning to open the judgments. *DeRose*, 413 Pa. at 261–62, 196 A.2d at 338.

In *Mullen*, the earlier of the two cases, this court affirmed the striking off of a judgment by confession. There, a judgment was entered against six individual defendants trading as a partnership named Parkhill Mining and Contracting Co. ("Parkhill Mining") pursuant to a warrant of attorney contained in an agreement signed by only one defendant. The agreement was signed for Parkhill Mining by "H.W. Findley, Prod. Mgr."

The court found that there was no evidence in the record, which included an authenticated registration of Parkhill Mining,[10] to establish that the individual who signed the agreement was a partner in Parkhill Mining. The *Mullen* court stated that even if the signer of the agreement was a partner, he would not derive from that relationship as a matter of law any authority to agree to a confession of judgment against the partnership or the other partners, citing the Uniform Partnership Act.

While both cases are instructive, they each may be distinguished from the instant case. We note that the *DeRose* court distinguished its prior decision in *Mullen* and found that unlike in *Mullen*, the affidavits provided the names of the persons in the partnership, the allegations of the signing partner's authority, and that the person who executed the instrument was in fact a partner, thus, giving the notes prima

**10.** As noted above, the *Mullen* court, by reviewing the registration of the partnership, arguably considered matters outside of the original record as filed by the party in whose favor the warrant of attorney was given in affirming the petition to strike, although, the court did not consider the registration to constitute matters dehors that record. *Mullen*, 360 Pa. at 490, 62 A.2d at 16.

facie validity. Such affidavits are absent from the case before us.

However, *Mullen* can be distinguished from the case *sub judice* in that the note in *Mullen* was executed by a production manager and no further explanation was given as to the production manager's relationship to Parkhill Mining. Thus, it was not apparent in *Mullen* that the signer of the agreement was a partner in Parkhill with any authority whatsoever to bind the other partners and not unreasonable for the *Mullen* court to require some evidence of authority to bind the other partners to the note. At least one other court has distinguished *Mullen* on the basis that the agreement was signed by an individual who was shown not to be a partner in the firm. *Hazleton Stalwart Realty Corp. v. P. Diesroth Sons,* 47 Luz.L.R. 245 (1957).

The issue before us is extremely close. While we find that these cases are in conflict and that, arguably, both may be distinguishable from the case at bar, we believe that the facts in this case are sufficiently analogous to those in *DeRose* so as to fit within the holding in that case. Accordingly, we conclude that the better course to take in cases dealing with questions of authority as those raised here is that espoused by this court in its later decision in *DeRose*. Thus, we do not believe that the failure to set forth express authority is a fatal defect or irregularity on the original record as filed by the party in whose favor the warrant is given. The issue of express authority is a defense which can be established through a petition to open. *DeRose*.

In reviewing Appellant's Complaint and the Note attached thereto, we believe that the record is not fatally defective or irregular on its face, and thus, find that the Superior Court improperly struck the confessed judgment. The Complaint as filed by Appellant lists the individual partners of Brighton Court, and specifically lists Appellee as a general partner. Additionally, the Complaint lists Daniel Banks as a managing partner, thus, providing some indicia of agency and authority. Moreover, the Note was executed on

behalf of Brighton Court by Daniel Banks as managing partner, again suggesting execution of the Note as an agent with authority to bind the other partners. We believe that these averments and the implications following therefrom are sufficient to withstand Appellee's petition to strike.

Thus, contrary to Appellee's assertion that there is no factual dispute regarding the Complaint, we find that whether Daniel Banks had the express authority to bind Appellee to the confession of judgment clause in the Note as managing partner is a factual issue which is properly addressed through consideration of Appellee's petition to open.

In fact, other cases addressing similar issues persuade us that when an issue is raised with respect to an individual's authority to confess judgment against another, an application to strike off a judgment is not the proper method of proceeding to obtain relief from the judgment. *See Jamestown Banking Co. v. Conneaut Lake Dock & Dredge Co.*, 339 Pa. 26, 14 A.2d 325 (1940)(instrument signed by two members of partnership on behalf of the partnership is sufficient to enable judgment by confession to be entered against each of the partners and such judgment is regular on its face even though subject to being opened by partner who did not authorize the confession of judgment); *Sterle v. Galiardi Coal & Coke Co.*, 168 Pa.Super. 254, 77 A.2d 669 (1951)(no merit to partnership's complaint that judgment improperly confessed for lack of averment that signing partner had authority to execute warrant of attorney and confess judgment against partnership as a judgment entered by such a warrant is merely voidable and not void (citing *Jamestown Banking Co.*)); *cf. Harr v. Bernheimer*, 322 Pa. 412, 416, 185 A. 857, 858–59 (1936)("Whether the signature of the maker is valid, or whether the agent had authority are matters which cannot be determined from an inspection of the instrument. Relief with respect to such defects in the instrument can be obtained only through the medium of a motion to open the judgment"); *Prestressed Structures, Inc. v. Bargain City, U.S.A., Inc.*, 413 Pa. 262, 266, 196 A.2d 338, 341 (1964)("... a written obligation evidencing agency does not require a showing of authority in

the instrument itself; any attack upon the alleged agent's power or authority must be through a petition to open the judgment." (citing *Harr* )).

Therefore, we reverse the decision of the Superior Court granting Appellee's petition to strike and remand this matter to the Superior Court to consider Appellee's petition to open judgment. Although we believe that the Superior Court erred in granting Appellee's petition to strike, we do not mean that the judgment is pronounced good. That is for the Superior Court to determine.

Appellant's second issue concerns whether the Superior Court addressed an issue not properly before it on appeal, i.e., whether the managing partner had authority to *incur debt* on behalf of the partnership. Specifically, Appellant objects to the Superior Court's conclusion that "Banks was without authority to execute the note in question." Superior Court Opinion 440 Pa.Super. at p. 465, 656 A.2d 121. While we agree with Appellant that Banks' authority to incur indebtedness on behalf of Brighton Court was not an issue on appeal, we believe that the statement objected to by Appellant is taken out of context and that Appellant's objection entails a hypertechnical reading of the Superior Court opinion.

The Superior Court, in stating that Banks was without authority to execute the Note, merely addressed the question of whether or not Daniel Banks had the authority to execute the Note *containing the confession of judgment clause.* In fact, Appellee agrees that the Superior Court's conclusion has no bearing on whether Daniel Banks had authority to execute any *instrument of debt* on behalf of Brighton Court. Thus, we do not believe that the Superior Court's statement can be interpreted to bear on whether Daniel Banks had authority to execute an instrument of debt generally and so hold.

For the reasons stated above, we reverse the decision of the Superior Court and remand for disposition of Appellee's petition to open judgment consistent with this opinion.

NIGRO, J., did not participate in the consideration or decision of this case.

NIX, Former C.J., did not participate in the decision of this case.

ZAPPALA, J., concurs in the result.