J-S32031-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| CF SBC UST 3, LLC | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| JOSE CEDENO AND ALI S. SHAMAN J.A.C.C. EL BEY | |
| APPEAL OF JOSE CEDENO | |
| | No. 3054 EDA 2016 |

Appeal from the Order August 25, 2016
in the Court of Common Pleas of Philadelphia County Civil Division
at No(s): March Term, 2012 No. 02454

BEFORE: GANTMAN, P.J., STABILE and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:                    **FILED MAY 24, 2017**

Appellant Jose Cedeno appeals from an order entered in the Philadelphia Court of Common Pleas denying his motion to strike the judgment entered in this mortgage foreclosure action. We affirm.

The history of this case is as follows. Appellant was the owner of real property at 3101-03 Frankford Avenue, Philadelphia, Pennsylvania. The property was mortgaged to Goldman Sachs Mortgage Company. On March 21, 2012, Goldman Sachs filed an *in rem* mortgage foreclosure action against Appellant in the Court of Common Pleas of Philadelphia County. Appellant filed preliminary objections to the complaint, which were denied, and a motion for reconsideration, which was denied on July 10, 2012.

_____
[*] Former Justice specially assigned to the Superior Court.

Appellant appealed the denial of the motion for reconsideration to this Court, which quashed the appeal.

Appellant filed an answer to the complaint with new matter. Goldman Sachs first moved for judgment on the pleadings and then for summary judgment, but the trial court denied both motions. During these motion proceedings, Goldman Sachs assigned the mortgage to Appellee, CF SBC UST 3, LLC, and Appellee substituted itself for Goldman Sachs as the plaintiff.

The case proceeded to a two-day non-jury trial. Appellee introduced into evidence, *inter alia*, certified copies of the assignment of the subject mortgage from Goldman Sachs to Appellee. On March 11, 2014, the trial court entered a verdict in favor of Appellee in the amount of $95,191.84. On March 25, 2014, Appellee filed a praecipe for entry of judgment on the verdict. On April 7, 2014, Appellant filed a motion for reconsideration, which the court denied on April 9, 2014. Appellant appealed to the Superior Court on April 23, 2014, but this Court quashed the appeal due to Appellant's failure to file post-trial motions.

Appellant filed for bankruptcy under Chapter 7 in the United States Bankruptcy Court for the Eastern District of Pennsylvania. Appellee filed a motion seeking relief from the automatic stay, which the Bankruptcy Court granted on September 17, 2014.

On November 6, 2014, Appellee purchased the mortgaged property at a sheriff's sale for a prevailing bid of $11,500.00. On November 24, 2014, Appellant filed a motion to set aside the sheriff's sale. On March 12, 2015, following a hearing, the trial court denied the motion. Appellant appealed to this Court, which affirmed on December 5, 2015 at 1117 EDA 2015.

On July 6, 2016, Appellant filed a motion to strike the judgment in the mortgage foreclosure action as void. On August 25, 2016, the trial court denied the motion to strike. This timely appeal followed. Without ordering Appellant to file a Pa.R.A.P. 1925(b) statement, the trial court has filed a Pa.R.A.P. 1925(a) opinion.

Appellant raises the following issues in this appeal:

> 1. Whether the [trial] [c]ourt erred in denying said [m]otion [to strike judgment] when the facts upon which the relief requested [are] clear and unequivocal[?]
>
> 2. Whether the issue of the effect of Goldman Sachs['] [a]ssignment of the [m]ortgage prior to the filing of the [f]oreclosure [s]uit has been properly addressed in this or another court[?]

Appellant's Brief at 3.

Appellant's position boils down to one argument: the trial court erred in denying the motion to strike the judgment,[1] because Goldman Sachs was not the holder, owner or other party entitled to foreclose on the mortgage on

---

[1] "A petition to strike a judgment may be granted only for a fatal defect or irregularity appearing on the face of the record." *Resolution Trust Corp. v. Copley Qu-Wayne Assocs*, 683 A.2d 269, 273 (Pa. 1996) (citations omitted).

the date it commenced this mortgage foreclosure action, rendering the judgment against Appellant null and void. The law of the case doctrine precludes Appellant from obtaining relief, because this Court ruled against Appellant on this issue in his prior appeal at 1117 EDA 2015.

The law of the case doctrine is

> a family of rules which embody the concept that a court involved in the later phases of a litigated matter should not reopen questions decided by another judge of that same court or by a higher court in the earlier phases of the matter. Among the related but distinct rules which make up the law of the case doctrine are that: (1) upon remand for further proceedings, a trial court may not alter the resolution of a legal question previously decided by the appellate court in the matter; (2) upon a second appeal, an appellate court may not alter the resolution of a legal question previously decided by the same appellate court; and (3) upon transfer of a matter between trial judges of coordinate jurisdiction, the transferee trial court may not alter the resolution of a legal question previously decided by the transferor trial court.

*Commonwealth v. Starr*, 664 A.2d 1326, 1331 (Pa. 1995) (citations omitted). This general prohibition, however, is not absolute. Departure from the rule is permissible in "exceptional circumstances such as where there has been a change in the controlling law, a substantial change in the facts or evidence giving rise to the dispute in the matter, or where the prior holding was clearly erroneous and would create a manifest injustice if followed." *Id.* at 1332 (citations omitted).

In his previous appeal at 1117 EDA 2015, a panel of this Court ruled against Appellant on the very issue that he attempts to raise in the present appeal. The previous panel stated:

> [Appellant] claims that the trial court erred in failing to consider the fact that the trial court lacked jurisdiction, *ab initio*, as Goldman Sachs was not in possession of the subject note and mortgage at the time of filing the foreclosure action. Contrary to [Appellant's] claim, the trial court did consider this jurisdictional question. The court stated:
>
>> In the instant matter, Goldman Sachs satisfied the requisite elements of Pa.R.C.P. 1147(a) for an action in mortgage foreclosure and a copy of the mortgage was attached to the Complaint as Exhibit A. Additionally, any issues of service of the notice of the Sheriff's sale are unsupported by the record, as a representative of [Appellant] was present on the day of the sale. *Further, all issues pertaining to the assignments of the mortgage were decided during the trial before the Honorable M. Teresa Sarmina and, thus, any challenges to Goldman Sachs' possession of the note and mortgage were not property raised before this Court in the instant Motion to Set Aside Sheriff's Sale*.
>
> We find no error or abuse of discretion . . . and we affirm the trial court's order denying [Appellant's] motion to set aside sheriff's sale.

***Goldman Sachs, CF SBC UST 3, LLC v. Cedeno***, 1117 EDA 2015 (unpublished memorandum at 6) (Pa. Super. Dec. 4, 2015).

Appellant's present appeal is an attempt to re-litigate whether the judgment against him should be stricken due to Goldman Sachs' alleged lack of possession of the note and mortgage. Because he has already raised this issue without success, the law of the case doctrine precludes him from re-

raising it. Moreover, his argument does not fall within any exception to the law of the case doctrine, such as an intervening change in the law, a substantial change in the facts, or a prior ruling that was clearly erroneous that would create a manifest injustice if followed. **See Starr**, 664 A.2d at 1332.

For these reasons, the trial court properly denied Appellant's motion to strike the judgment.

Order affirmed. Appellee's motion to quash denied as moot.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/24/2017