J-A18004-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMPLETE BUSINESS SOLUTIONS GROUP, INC. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| ROYAL METALS GROUP, INC. AND CHELSEA GLESS AND JOHN T. CLARK | |
| Appellees | No. 462 EDA 2018 |

Appeal from the Order Entered January 16, 2018
In the Court of Common Pleas of Philadelphia County
Civil Division at No: 03318 September Term, 2017

BEFORE:  STABILE, J., STEVENS, P.J.E.,* and STRASSBURGER, J.**

MEMORANDUM BY STABILE, J.:               **FILED NOVEMBER 15, 2018**

Appellant, Complete Business Solutions Group, Inc. ("CBSG"), appeals from the January 16, 2018 order entered in the Court of Common Pleas of Philadelphia County, granting the petition to strike its confession of judgment entered against Appellees, Royal Metals Group, LLC ("RMG"), Chelsea Gless ("Gless"), and John T. Clark ("Clark") (collectively "Appellees").  Upon review, we affirm.

_____

* Former Justice specially assigned to the Superior Court.

** Retired Senior Judge assigned to the Superior Court.

By way of background, the parties entered into two Factoring Agreements in 2017, with CBSG purchasing RMG's receivables. Gless and Clark acted as guarantors for the agreements. The agreements included confession of judgment clauses and provided that Pennsylvania law applied.

On September 27, 2017, CBSG filed and served a complaint requesting entry of judgment by confession in the amount of $403,599.86 plus interest and costs. Judgment was entered and, on October 31, 2017, CBSG filed a writ seeking garnishment of Appellees' bank accounts. On December 5, 2017, Appellees filed a motion to strike, or alternatively, open, the confession of judgment and stay execution proceedings. The trial court issued a rule to show cause why the judgment should not be stricken or opened. CBSG filed a response contending, *inter alia*, that Appellees' petition should be denied because it was filed outside the 30-day time limit for filing a petition unsupported by compelling reasons for delay.

By order entered on January 16, 2017, the trial court granted Appellees' petition to strike and directed that the judgment entered by confession be stricken. This timely appeal followed. The trial court did not direct CBSG to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal. The trial court did issue an opinion in conjunction with its order and subsequently issued a Rule 1925(a) opinion indicating that the reasons for granting the petition were set forth in the January 16, 2018 memorandum opinion, which it incorporated by reference.

In its brief filed with this Court, CBSG lists five issues for our consideration:

A. Did the trial court abuse its discretion in striking this judgment in claiming that the judgment was void or voidable?

B. Did the trial court commit a legal error in striking this judgment in claiming that the judgment was void or voidable?

C. Does failure to include a statement outlined in Pa.R.Civ.P. 2952(a)(5) constitute a fatal flaw in a confession of judgment where the petition to strike does not allege prejudice due to the failure to include said statement?

D. Did the court abuse its discretion or commit a legal error in completely ignoring the 30-day time limitation placed by Pa.R.Civ.P. 2959 for the filing of a petition to open/strike, where the filing party only did so after it was subject to bank account garnishments and it had the benefit of legal counsel well before the 30[-]day time limit?

E. Given the court's finding of the specified errors statement in the trial judge's opinions, would opening the judgment have been the proper legal option[?]

Appellant's Brief at 5 (some capitalization omitted).

Although CBSG identified five issues in its Statement of Questions Involved, its Argument section is divided into only two sections as follows:

I. The court erred striking a judgment served upon Appellees three months prior to their filing a motion to strike[.]

II. The court erred finding that there was a "fatal error" in the complaint in confession of judgment making it a void judgment[.]

Appellant's Brief at 9, 12.[1]

We review a trial court's ruling on a motion to strike or open a confessed judgment for an abuse of discretion or error of law. ***See, e.g., Ferrick v. Bianchini***, 69 A.3d 642, 647 (Pa. Super. 2013). As this Court explained in ***Neducsin v. Caplan***, 121 A.3d 498 (Pa. Super. 2015):

> "A petition to strike a judgment is a common law proceeding which operates as a demurrer to the record. A petition to strike a judgment may be granted only for a fatal defect or irregularity appearing on the face of the record." ***Resolution Trust Corp. v. Copley Qu–Wayne Associates***, 546 Pa. 98, 106, 683 A.2d 269, 273 (1996).
>
>> In considering the merits of a petition to strike, the court will be limited to a review of only the record as filed by the party in whose favor the warrant is given, *i.e.*, the complaint and the documents which contain confession of judgment clauses. Matters *dehors* the record filed by the party in whose favor the warrant is given will not be considered. If the record is self-sustaining, the judgment will not be stricken. . . . An order of the court striking a judgment annuls the original judgment and the parties are left as if no judgment had been entered.
>
> ***Hazer v. Zabala***, 26 A.3d 1166, 1169 (Pa. Super. 2011) (quoting ***Resolution Trust Corp., supra***). In other words, the petition to strike a confessed judgment must focus on any defects or irregularities appearing on the face of the record, as filed by the party in whose favor the warrant was given, which affect the validity of the judgment and entitle the petitioner to relief as a matter of law. ***ESB Bank v. McDade,*** 2 A.3d 1236, 1239 (Pa. Super. 2010). "[T]he record must be sufficient to sustain the judgment." ***Id.*** The original record that is subject to review in a motion to strike a confessed judgment consists of the complaint

---

[1] We remind counsel for CBSG that "[t]he argument shall be divided into as many parts as there are questions to be argued[.]" Pa.R.A.P. 2119(a).

in confession of judgment and the attached exhibits. ***Resolution Trust Corp., supra*** at 108, 683 A.2d at 274.

In contrast, "if the truth of the factual averments contained in [the complaint in confession of judgment and attached exhibits] are disputed, then the remedy is by proceeding to open the judgment," not to strike it. ***Id.*** at 106, 683 A.2d at 273.

***Id.*** at 504.

In its first issue, CBSG complains that the trial court erred by striking a judgment that was served on Appellees three months before they filed the motion to strike. CBSG relies on the language of Pa.R.C.P. 2959 (Striking Off or Opening Judgment), and in particular Rule 2959(a)(3), which provides: "(3) If written notice is served upon the petitioner pursuant to Rule 2956.1(c)(2) or Rule 2973.1(c), the petition shall be filed within thirty days after such service. Unless the defendant can demonstrate that there were compelling reasons for the delay, a petition not timely filed shall be denied."

Here, service was effected on September 27, 2017 and the petition to strike was filed on December 5, 2017. Therefore, the petition clearly was not filed within the 30-day period.

Appellees argued in their petition to strike that CBSG failed to comply with the requirements for confession of judgment set forth in Pa.R.C.P. 2952(a)(5); therefore, the judgment was void. In accordance with Rule 2952(a), a complaint for confession of judgment "shall contain the following: . . . (5) either a statement that judgment has not been entered on the

instrument in any jurisdiction or if it has been entered an identification of the proceedings."

As the trial court recognized, "A review of the record shows no evidence that [CBSG] filed such a statement. In the response in opposition to the petition to strike, [CBSG] generally denies [Appellees'] averment, yet attempts to rectify the afore-mentioned omission by stating that 'this is the only filing related to the Agreements between the parties.'" Trial Court Opinion, 1/16/18, at 2 (quoting CBSG's response in opposition to strike at ¶ 28.)

The trial court continued, quoting **US Bank N.A. v. Mallory**, 982 A.2d 986 (Pa. Super. 2009), in which this Court explained:

> [In Pennsylvania,] when deciding if there are fatal defects on the face of the record for the purposes of a petition to strike a judgment, a court may only look at what was in the record when the judgment was entered. . . . [W]here a fatal defect or irregularity is apparent from the face of the record, the prothonotary will be held to have lacked the authority to enter default judgment and the default judgment will be considered void.

Trial Court Opinion, 1/16/18, at 2 (quoting **Mallory**, 982 A.2d at 991).

Further, "[t]he validity of a confession of judgment requires strict compliance with the Rules of Civil Procedure as well as rigid adherence to the provisions of the warrant of attorney. Absent such compliance a confession of judgment cannot stand." **Id.** at 3 (ellipses omitted) (quoting **First Union Nat. Bank v. Portside Refrigerated Services., Inc.**, 827 A.2d 1224, 1231 (Pa. Super. 2003)).

CBSG notes that Rule 2959 was amended in 1996. Prior to that time, under the common law, confessed judgments could be stricken or opened if the application was filed within "a reasonable time," based on the doctrine of laches. Appellant's Brief at 10. However, following the 1996 amendment, setting a 30-day time limit for filing the petition, our courts have made it clear that an untimely petition to strike must be dismissed. *Id.* at 10-11 (citations omitted).

In support of this proposition, CBSG cites, *inter alia*, **M & P Management, L.P. v. Williams**, 937 A.2d 398 (Pa. 2007). Appellant's Brief at 11. **M & P Management** does not support CBSG's position and, in fact, defeats it. In that case, our Supreme Court recognized that "a void judgment is a mere blur on the record, and which it is the duty of the court of its own motion to strike off, whenever its attention is called to it." *Id.* at 401 (quoting **Romberger v. Romberger**, 139 A. 159, 160 (Pa. 1927)). The Court noted that both amended Rule 2959 and the comments to the rule are "silent as to any intent to overturn the common law rule" and that the "silence could be interpreted to mean that the new time limitation is applicable to all confessed judgments, whether void, voidable, or valid. **However, there are good reasons to believe that it cannot apply to void judgments.**" *Id.* at 401 (emphasis added). As the Court explained:

> [A] void judgment is one that the court does not have the power to enter. It cannot become valid through the lapse of time. **Comm. ex rel. Penland v. Ashe**, 341 Pa. 337, 341, 19 A.2d 464, 466 (1941) ("It is certainly true that a void judgment may be

regarded as no judgment at all; and every judgment is void, which clearly appears on its own face to have been pronounced by a court having no jurisdiction or authority in the subject matter."). While the instant case raises this question in a context where there is serious question as to the status of the confessed judgment, *i.e.*, whether it is void, voidable or valid, a different example makes this clear. If a confessed judgment is mistakenly entered against a person who never had any relationship with the judgment holder, it would be absurd to believe that that judgment, with no basis in law or fact, becomes valid merely because notice was given and thirty days elapsed. Although M & P is correct in asserting that providing finality to judgments is a worthy goal, one that we agree is achieved for valid and voidable judgments through the 1996 amendments to Pa.R.C.P. 2959, we cannot provide finality to a judgment when a court lacked subject matter jurisdiction over the underlying dispute. Void judgments are to be treated in the same way that they were treated at common law, *i.e.*, at any time that a void judgment is brought to the attention of the court, it must be stricken.

*Id.* at 401-02 (citations omitted).

The trial court concluded that CBSG's judgment was void. "In brief, the record of [CBSG's] confession of judgment is fatally flawed because [CBSG] failed to file a statement that judgment has not been previously entered as required under Pa.R.C.P. No. 2952(a)(5). [CBSG] never suppled this statement even though [CBSG] supplemented its record to address other defects." Rule 1925(a) Opinion, 3/12/18, at 1-2. We agree. Because the judgment entered on September 27, 2017 was void, Appellees' petition filed on December 5, 2017 was not subject to Rule 2952(a)(5)'s 30-day time limitation and the trial court neither committed error of law nor abused its discretion by striking the judgment. CBSG's first issue fails.

CBSG next argues that the trial court erred in finding a "fatal error" in the complaint for confession of judgment. CBSG maintains the error could have been cured by amendment. Appellant's Brief at 12 (citing **George H. Althof, Inc. v. Spartan Inns of America, Inc.**, 441 A.2d 1236, 1237-38 (Pa. Super. 1982)). However, **Althof** involved a technical defect, *i.e.*, the lack of a verification. By contrast, the complaint filed in the instant case lacked a representation that was required to be included in a complaint for judgment by confession, "either a statement that judgment has not been entered on the instrument in any jurisdiction or if it has been entered an identification of the proceedings." Pa.R.C.P. 2952(a)(5).

The trial court's finding of a fatal error in the complaint is supported by this Court's similar holding in **Dime Bank v. Andrews**, 115 A.3d 358 (Pa. Super. 2015), which involved a complaint that failed to include an averment required by Pa.R.C.P. 2952(a)(6). This Court determined:

> Rule of Civil Procedure 2952 provides, in relevant part, that a complaint in confession of judgment based upon an agreement that subjects confession of judgment proceedings to a condition precedent must include "an averment of the default or of the occurrence of the condition precedent." Pa.R.C.P. 2952(a)(6). At a minimum, our case law suggests strongly that a failure to aver the occurrence of a condition precedent, when, as here, the agreement under which judgment is confessed establishes such a condition, is an irremediable defect, obviating any obligation of the party against whom judgment has been entered to establish prejudice.

*Id.* at 365-66 (citations omitted). **See also ESB Bank v. McDade**, 2 A.3d at 1244 (trial court erred in failing to strike confessed judgment for a fatal defect

appearing on the face of the record where complaint, in contravention of Rule 2952(a), failed to identify residential mortgages, attach documentation, or state that McDade was in default of those loans).

We conclude the trial court did not err in finding a fatal error in CBSG's complaint. CBSG's second issue fails for lack of merit.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/15/18