J-A27018-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| FORUM REALTY COMPANY | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ALEX YOON AND MARIA YOON | : | No. 1042 EDA 2021 |

Appeal from the Order Entered April 23, 2021
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  201102221

BEFORE:  PANELLA, P.J., DUBOW, J., and McCAFFERY, J.

MEMORANDUM BY McCAFFERY, J.:                    **FILED JANUARY 4, 2022**

Forum Realty Company (Landlord) appeals from the order entered in the Philadelphia County Court of Common Pleas, striking a confessed judgment entered in favor of Alex Yoon and Maria Yoon (Tenants), based upon Landlord's failure to attach a signed copy of the parties' lease to its complaint in confessed judgment.  On appeal, Landlord contends the trial court erred in striking the confessed judgment, *sua sponte*, when Tenants filed only an untimely petition to open the judgment and waived any defects with the warrant of attorney, and when, in any event, a second addendum to the parties' lease confirmed Tenants' intent to be bound by the warrant of attorney.  For the reasons below, we affirm.

Landlord is the owner of commercial property located at 5251-5253 Frankford Avenue, Philadelphia (the Property).  Tenants entered into a commercial lease agreement (the Lease) with Landlord to lease the Property

on August 7, 2003. The Lease contained a warrant of attorney permitting Landlord to confess judgment for money and possession against Tenants following a default by Tenants. **See** Complaint in Confession of Judgment for Money & Possession, 11/25/20 (Complaint), Exhibit 1, Lease, 8/7/03 (Lease), at ¶ 19. The Lease was subsequently extended by two separate addenda (First Addendum and Second Addendum, respectively). The First Addendum, effective April 1, 2014, contained the following pertinent language:

> All terms, provisions, and Addenda of the Lease made between the parties on August 7, 2013 is [sic] renewed as requirements of both Landlord and Tenant.

Complaint at Exhibit 2, Addendum, 4/1/14 (First Addendum), at ¶ D. The Second Addendum, dated January 22, 2020, included the following pertinent language:

> 4. <u>Effect of Lease</u>: This Addendum shall supersede any terms of the Lease in contradiction hereto. Notwithstanding the foregoing, all terms and provisions of the Lease are renewed as is restated herein and remain in full force and effect.

Complaint at Exhibit 3, Second Addendum, 1/22/20 (Second Addendum), at 2.

After Tenants defaulted on paying rent, on November 25, 2020, Landlord filed a complaint in confession of judgment against Tenants, and judgment was entered. Attached to the complaint filed with the court were copies of the Lease and the First and Second Addenda. The attached copy of the Lease did not contain the signatures of the parties; instead, there were designated lines for Tenants' and Landlord's signatures that were left blank.

- 2 -

*See* Lease at 15. However, both Addenda contained the parties' signatures. Further, the Second Addendum attached a copy of the Lease as an exhibit, which showed that, as part of executing the Second Addendum, Tenants initialed every page of the Lease, including the warrant of attorney. *See* Second Addendum, Exhibit A, Lease at ¶ 19.

On January 20, 2021, Landlord filed praecipes for writ of possession and execution. Thereafter, on February 3rd, Tenants filed a petition to open the confessed judgment. In their petition, Tenants attempted to plead new matter and alleged that they were unable to pay rent because of the COVID-19 pandemic and its economic impact on their business. *See* Petition to Open Confessions of Judgment for Money and for Possession, 2/3/21 (Petition to Open), at ¶¶ 33-34. On March 4, 2021, Tenants also filed an emergency motion to stay the sheriff's eviction, which was scheduled for March 8th. The court granted the motion and issued a stay on March 5, 2021. On March 8, 2021, the court entered an order and opinion, directing that the judgment entered by confession be stricken. Landlord filed a timely motion for reconsideration. On March 22nd, the court vacated the March 8th order striking the judgment for the sole purpose of accommodating Tenants' counsel's schedule to allow him to file a response to Landlord's motion for reconsideration. *See* Order, 3/22/21. Subsequently, on April 23, 2021, the trial court entered two orders: (a) the first, denying Landlord's motion for reconsideration, and (b) the second, reinstating its March 8, 2021, order striking the confession of judgment. *See* Orders, 4/23/21. In an opinion

- 3 -

accompanying the order striking the judgment, the trial court found Tenants were not bound by the warrant of attorney included in the underlying Lease because the warrant of attorney and the original Lease were not signed by Tenants and neither the First nor Second Addenda contained sufficient language of revival to adopt the warrant from the original Lease. *See* Trial Ct. Op., 4/23/21, at 1-2. This timely appeal followed.[1]

On July 20, 2021, this Court issued a rule to show cause why this appeal should not be quashed because, pursuant to the Pa.R.A.P. 311(a)(1), an order striking or opening a judgment is generally not immediately appealable as of right. *See* Pa.R.A.P. 311(a)(1) (interlocutory appeal as of right may be taken from order "**refusing** to open, vacate, or strike off a judgment") (emphasis added). Landlord filed a timely response arguing that, since its complaint was limited to claims for confessed judgments and did not include any alternate claims or counts, the effect of the order striking judgment was to end all litigation and thus constituted a final order. Landlord's Letter Re: Appealability of Order to Strike Confessed Judgment, 7/27/21, at 2 (unpaginated). On August 11, 2021, this Court discharged the rule to show cause by *per curiam* order and permitted the appeal to continue with the provision that the ruling was not binding as a final determination and that the panel assigned to

---

[1] The trial court did not direct Landlord to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

address the merits of the appeal could further address the issue. *See* Order, 8/11/21.

Before we consider the merits of Landlord's claims on appeal, we must first determine whether this appeal is properly before us. We have previously stated:

> [P]ursuant to Pa.R.A.P. 311(a)(1), an order refusing to strike a judgment is an interlocutory order from which an appeal as of right may be taken. Such an order anticipates no further litigation in the lower court. However, where an order is issued that grants a motion to strike a judgment, such an order is generally not appealable, *i.e.*, it is not an interlocutory order from which an appeal as of right may lie. Such an order anticipates further litigation because the parties are placed back in the position they were in prior to the entry of the judgment. . . . [However, when] the order striking the judgment ends the litigation as to all parties and all claims[, it is] a final order as defined in Pa.R.A.P. 341(b) and an appeal may be taken as of right.

***United Parcel Serv. v. Hohider***, 954 A.2d 13, 16 (Pa. Super. 2008).

Here, the April 23, 2021, order on appeal reinstated the court's March 8th order, striking Landlord's confession of judgment. The order did not contemplate or direct any further proceedings and was marked "Final Dispos[ition]" on the docket by the Prothonotary. *See* Docket Entry, 4/23/21. Accordingly, we conclude the trial court's order constituted a final order and is appealable as of right.

We now proceed to address the substantive claims raised by Landlord on appeal. Landlord sets forth the following four, related claims for our review:

1. Whether the trial court erred in ruling upon a **petition to open** that was both untimely filed and lacked any explanation or justification for [the] late filing?

2. Whether the trial court's order to strike the underlying confessed judgment is contrary to law because it is based on an issue not raised (thus, waived) by [Tenants] in their underlying petition to open?

3. Whether the trial court erred in striking the underlying confessed judgment because the court's unilateral finding of a patent ambiguity not only conflicts with the record, but also binding case law?

4. Whether the trial court erred in striking the underlying confessed judgment because the order to strike is in direct conflict with case law that prevents a court from converting a petition to open into a petition to strike?

Landlord's Brief at 4 (unnecessary capitalization omitted).

We review a trial court's ruling on a petition to strike or open a confessed judgment for an abuse of discretion or error of law. *Ferrick v. Bianchini*, 69 A.3d 642, 647 (Pa. Super. 2013). Our scope of review on appeal is "very narrow" and we will overturn the trial court's decision only if the court abused its discretion or committed manifest error. *Atlantic Nat'l Trust, LLC v. Stivala Invs., Inc.*, 922 A.2d 919, 925 (Pa. Super. 2007) (citation omitted).

Opening and striking a judgment are different remedies subject to different standards. "A petition to strike a judgment is a common law proceeding which operates as a demurrer to the record." *Resolution Trust Corp. v. Copley Qu-Wayne Assocs.*, 683 A.2d 269, 273 (Pa. 1996) (citation omitted). "A petition to strike a judgment may be granted only for a fatal defect or irregularity appearing on the face of the record." *Id.* (citation omitted). In reviewing "the merits of a petition to strike, the court will be limited to a review of only the record **as filed by the party in whose favor the warrant is given**, *i.e.*, the complaint and the documents which contain

confession of judgment clauses." *Id.*  The record must be sufficient to sustain the judgment.  *ESB Bank v. McDade*, 2 A.3d 1236, 1239 (Pa. Super. 2010).

"A petition to open a confessed judgment is an appeal to the equitable powers of the court." *Neducsin v. Caplan*, 121 A.3d 498, 504 (Pa. Super. 2015).  The court may open a confessed judgment "if the petitioner (1) acts promptly, (2) alleges a meritorious defense, and (3) can produce sufficient evidence to require submission of the case to a jury." *Id.* at 506 (citation and emphasis omitted).  "[I]f the truth of the factual averments contained in the complaint in confession of judgment and attached exhibits are disputed, then the remedy is by proceeding to open the judgment, not to strike it." *Id.* at 504 (internal quotation marks, citation, and brackets omitted).

Landlord advances four, related arguments in support of its position that the court erred in striking the judgment.  First, it contends Tenants' petition to open was patently untimely pursuant to Pa.R.C.P. 2959(a)(3),[2] and Tenants offered no explanation for their late filing.  Second, Landlord emphasizes that Tenants' petition sought only to **open** — not strike — the confessed judgment, and did not allege any defects or irregularities appearing on the face of the record, including a purported defect with the warrant of

_____

[2] Pennsylvania Rule of Civil Procedure 2959 states that "[r]elief from a judgment by confession shall be sought by petition . . . filed within thirty days after . . . service" of written notice of the entry of judgment.  Pa.R.C.P. 2959(a)(1), (3).  "Unless the defendant can demonstrate that there were compelling reasons for the delay, a petition not timely filed shall be denied." Pa.R.C.p. 2959(a)(3).

attorney. *See id.* at 17. Thus, Landlord maintains that Tenants waived any right to relief arising from alleged defects with the record and the court erred by basing its decision on this issue. *Id.* at 17-18. *See* Pa.R.C.P. 2959(c) ("A party waives all defenses and objections which are not included in the petition or answer.").

Third, Landlord argues the trial court erred in finding that the language of incorporation in the First and Second Addenda was vague and insufficient to bind Tenants to the original warrant of attorney in the (unsigned) Lease. Landlord's Brief at 18. Landlord asserts the court did not acknowledge that, as part of executing the Second Addendum, Tenants specifically affixed their initials to the original Lease's warrant of attorney. *Id.* at 20. It argues that the specific action of attaching and incorporating a copy of the original Lease to the Second Addendum, and then initialing each page of both the Second Addendum and Lease, "reveals a clear intent by the contracting parties to renew or confirm a document that the parties no longer retained a signed copy of." *Id.* Furthermore, Landlord emphasizes Tenants never argued the language of incorporation was vague, and they were, in fact, represented by counsel when they executed the Second Addendum and initialed the warrant of attorney in the Lease. *Id.* at 19-20 & n.5.

Lastly, Landlord insists that the court erred by converting Tenants' petition to open into a petition to strike. Landlord's Brief at 23. It maintains that a court cannot strike a confessed judgment *sua sponte*, when, as here, the petitioning party sought only to **open** the judgment. *Id.*

Here, the trial court defended its decision to strike the confessed judgment as follows. First, the court conceded that Tenants' petition was untimely filed beyond the 30-day response date, and that Tenants sought **only** to open the confessed judgment, and not to strike it. Trial Ct. Op., 4/23/21, at 3-4. Nevertheless, the court found the judgment was a nullity and struck it on its own motion for two reasons. *Id.* at 1. First, the court determined the Lease attached to the complaint in confession of judgment lacked Tenants' signatures in violation of Pa.R.C.P. 2952(a)(2). *Id.* at 1-2. Rule 2952 mandates that a complaint requesting confession of judgment "**shall contain**[,]"*inter alia*,

> the original or a photostatic copy or like reproduction of the instrument showing the defendant's signature; if the original is not attached, an averment that the copy attached is a true and correct reproduction of the original; if neither the original nor a reproduction can be attached, an explanation why they are not available[.]

Pa.R.C.P. 2952(a)(2) (emphasis added).

Here, the court found that the lack of Tenants' signatures on the Lease could not bind them to the warrant of attorney because under Pennsylvania law, when a contract contains a warrant of attorney, "the requisite signature [of a defendant] must bear a direct relation to the warrant . . . and may not be implied." Trial Ct. Op., 4/23/21, at 1 (citations omitted). In further support

of its decision, the court cited Pa.R.C.P. 126[3] for allowing it to disregard defects of procedure, such as the fact that the petition was untimely. *Id.* at 4. The trial court also rejected Landlord's argument that Tenants' initials affixed below the warrant of attorney in the copy of the Lease attached to the Second Addendum, sufficiently demonstrated that they intended to be bound by that provision. *Id.* at 5. The court emphasized that Rule 2952(a)(2) "specifically requires a defendant's signature and does not instruct that a set of initials will suffice in lieu thereof." *Id.*

Second, the trial court found that the First and Second Addenda failed to "republish or incorporate" the original, yet ineffective, warrant from the Lease because the language purporting to do so was too vague to bind Tenants to that provision. Trial Ct. Op., 4/23/21, at 2. The court recognized that Tenants signed both Addenda, but noted that neither Addendum contained the actual warrants of attorney; "instead, each relies on language of revival in an effort to adopt the failed warrant from the original Lease." Trial Ct. Op., 3/8/21, at 5. The court determined that the Addenda, while stating that all terms of the original Lease were "renewed," failed to specifically reference the prior warrant of attorney. Trial Ct. Op., 4/23/21, at 6. Citing **Ferrick**, the court found the Addenda's "language ambiguous in its entirety because it

---

[3] Pennsylvania Rule of Civil Procedure 126 provides: "The rules shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable. The court at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties."

lumped into one amorphous body all the terms and provisions from the original Lease, including its warrant-of-attorney, without calling specific attention upon that provision." *Id.* at 7 (footnote omitted). The court reasoned, "[w]ith no valid warrant in the original Lease, and no valid republication or incorporation thereof into the subsequent Addenda, this court had no choice but to strike the judgment on its own motion, regardless of whether [Tenants] untimely filed their petition to open." *Id.* at 4.

Upon review, we conclude the trial court did not err or abuse its discretion when it struck the confessed judgment. *See Ferrick*, 69 A.3d at 647. As this Court explained in *Ferrick*, we apply a strict standard when determining the validity of a warrant of attorney:

> We are mindful that [a] warrant of attorney authorizing judgment is perhaps the most powerful and drastic document known to civil law and equivalent to a warrior of old entering a combat by discarding his shield and breaking his sword. For that reason, the courts of this Commonwealth require that a warrant of attorney be **explicit and strictly construed**. [A] warrant of attorney to confess judgment must be self-sustaining; **the warrant must be in writing and signed by the person to be bound by it**; and the requisite signature must bear a direct relation to the warrant and may not be implied extrinsically nor imputed from assignment of the instrument containing the warrant. **There should be no doubt that the lessee signed the warrant and that he was conscious of the fact that he was conferring a warrant upon the lessor to confess judgment in the event of breach**.

*Id.* at 651 (citations and quotation marks omitted; emphases added). Thus, similarly, we require strict adherence to the rules governing the use of confessed judgments. *ESB Bank*, 2 A.3d at 1244.

- 11 -

Here, the Lease attached to the complaint in confession of judgment did not contain the signatures of the parties, nor did the warrant of attorney. Furthermore, neither of the signed Addenda explicitly republished the warrant of attorney. Thus, we conclude the court was bound by the record before it, which was insufficient to sustain the confessed judgment.

To the extent Landlord argues Tenants waived this issue by filing an untimely petition to open, we agree with the trial court that it "had no choice but to strike the judgment" because it was void. Trial Ct. Op., 4/23/21, at 4. In *M & P Mgmt., L.P. v. Williams*, 937 A.2d 398, 401 (Pa. 2007), our Supreme Court held that a void judgment, such as a judgment entered where the court lacks subject matter jurisdiction, cannot be made valid by the passage of time. The Court explained:

> [H]istorically void confessed judgments could be stricken off or opened at any time as they were considered a legal nullity because the court lacked subject matter jurisdiction over the matter. . . . Accordingly, where the court lacked jurisdiction, as it does when it enters a void confessed judgment, that court cannot enter a valid judgment, no matter how much time has passed.

*Id.* (citations omitted). Thus, Landlord's waiver argument fails.

Order affirmed.

- 12 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/4/2022